Joseph McKibbin *et al. vs.* Swen Ellingson.

58 205
58 309

Argued by respondent, submitted on brief by appellant, June 21, 1894. Reversed July 13, 1894.

No. 8723.

Our insolvency statute not applicable to a nonresident having no property in this state.

An assignment for the benefit of creditors by a debtor residing in North Dakota, where all his property and business were, to an assignee residing in this state, was executed in this state so far as signing, sealing, and de-

livering, and was then taken to and recorded in North Dakota, as required by the law of that state to make such assignments effectual, and the assignee took possession there of the assigned property, and afterwards brought into this state money, its proceeds. *Held*: The statute of this state regulating assignments for the benefit of creditors does not apply to such as may be executed here by nonresidents, who have no property and no place of business in this state, and the trusts created by which are to be carried out elsewhere.

**The statute of the state of the debtors domicil applies.**

Also, that, as the parties intended to and did, as required by the laws of North Dakota to make the assignment effectual, record it in that state, that is to be deemed the final act of execution, and the assignment a North Dakota contract, so that its validity is to be determined by the law of that state.

**In absence of statute the common law governs the validity of the assignment.**

So far as appears in this case, the statute of that state does not prescribe what effect on the validity of an assignment executed in that state the appointment of a nonresident assignee shall have, and it must be determined by the rules of the common law.

**Rule of the common law.**

At the common law, the appointment of an unfit assignee, as distinguished from one legally incapable, is a badge of fraud, but does not, *ipso facto*, render the assignment void.

**Pleading a fraudulent intent.**

In pleading, a statement of facts tending to show a fraudulent intent is not equivalent to an allegation of such intent.

**A valid transfer is valid everywhere.**

When a transfer is valid by the law where the transferer resides and the property is situated, though it would not be if executed here, the title is not displaced by subsequent removal of the property to this state, even as to creditors resident here, seeking a remedy against it.

Appeal by Edward H. Turner, Garnishee, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made February 2, 1894, sustaining plaintiff's demurrer to his answer.

On July 25, 1893, the plaintiffs, Joseph McKibbin and partners, brought this action against Swen Ellingson of Reynolds, N. Dak. upon six promissory notes made by him, and on October 7, 1893, obtained judgment against him for $741.36. At the time of the commencement of the action plaintiffs filed affidavit and a garnishee

summons was issued to Edward H. Turner of Minneapolis requiring him to appear and answer touching money and effects in his hands and under his control belonging to Ellingson. He appeared and was examined, but denied having Ellingson's property. Plaintiffs obtained permission and filed a supplemental complaint in the action making Turner a party and setting forth the facts on which they claimed to charge him. It stated that Ellingson was on February 3, 1893, a retail merchant at Reynolds in Trail County, N. Dak., and had a stock of goods there and book accounts, that he visited Minneapolis and there made on that day a general assignment of all his nonexempt property to Turner, the garnishee, for the equal benefit of all his creditors. That the instrument was filed and recorded in Trail County and Turner gave bond and took possession of the assigned property and sold a portion of it and brought $800 of the proceeds to Minneapolis. They claimed that the assignment is void as against creditors of Ellingson.

The garnishee answered setting out the statute of N. Dak. relative to assignments. Comp. Laws §§ 4660–4680. It does not require that the assignee shall be a resident or citizen or freeholder of that state. The answer further alleged that Ellingson was insolvent, had no property in this state and resided at Reynolds, N. Dak. and that all his property was there, that the assignment was recorded in the Registry of Deeds of Trail County, and was made in conformity to the laws of N. Dakota and to be executed there. That the property in the garnishee's hands was held by him in trust under the assignment for Ellingson's creditors.

To this answer plaintiffs demurred, and the trial court sustained the demurrer. The garnishee appeals from the order.

*Keith, Evans, Thompson & Fairchild,* for appellant.

Contracts are to be interpreted as to their validity and effect by the law of the place where they are to be performed. A voluntary assignment valid by the law of the domicil of the assignor will be held valid everywhere. *Pritchard* v. *Norton,* 106 U. S. 124.

Voluntary assignments for the benefit of creditors valid by the law of the domicil of the assignor, will be held valid everywhere. *Hanford* v. *Paine,* 32 Vt. 442; *Mowry* v. *Crocker,* 6 Wis. 326; *Hoyt* v. *Thompson's Ex'r,* 19 N. Y. 207; *Parsons* v. *Lyman,* 20 N. Y. 103;

*Smith* v. *Chicago & N. W. Ry. Co.*, 23 Wis. 267; *Barnett* v. *Kinney*, 147 U. S. 476; *Frazier* v. *Fredericks*, 24 N. J. Law 162; *In re Paige & S. L. Co.*, 31 Minn. 136; *Covey* v. *Cutler*, 55 Minn. 18.

Although the deed was actually signed and delivered in this state it was to all intents and purposes a foreign assignment. *Schroder* v. *Tompkins*, 58 Fed. Rep. 672; *May* v. *First Nat. Bank*, 122 Ill. 551; *Butler* v. *Wendell*, 57 Mich. 62; *Barnett* v. *Kinney*, 147 U. S. 476.

The law of North Dakota provides that an assignment for the benefit of creditors must be in writing, subscribed by the assignor, acknowledged and recorded where the debtor resides. Unless these provisions are complied with, it is void as against every creditor of the assignor not assenting thereto. Under this law therefore a transaction is not an assignment for the benefit of creditors until the instrument is recorded in the county where the debtor resides. The last step is just as essential as the preceding ones, and the place of performing this last step is the place where the assignment is made. *Perkins* v. *Zarracher*, 32 Minn. 71.

The assignment being thus valid by the law of the state where it was made and of the domicile of the assignor, and of the situs of the property, must be upheld here. *Cragin* v. *Lamkin*, 7 Allen 395; *Ockerman* v. *Cross*, 54 N. Y. 29; *Cook* v. *Van Horn*, 81 Wis. 291; *May* v. *Wannemacher*, 111 Mass. 202.

*B. H. Schriber*, for respondents.

The law of the place where a contract is entered into is to govern as to everything which concerns the proof and authenticity of the contract and faith which is due to it. *Scudder* v. *Union Nat. Bank*, 91 U. S. 406; *Park Bros.* v. *Kelly Ave. Mfg. Co.*, 49 Fed. Rep. 618; *Pritchard* v. *Norton*, 106 U. S. 124; *Covey* v. *Cutler*, 55 Minn. 18; *In re Dalpay*, 41 Minn. 532; *In re Paige & S. L. Co.*, 31 Minn. 136.

The law of Minnesota under which this assignment was made, declares that unless the instrument is filed in court and the property placed *in custodia legis* the instrument is void. *Macdonald* v. *First National Bank*, 47 Minn. 67; *De Graw* v. *King*, 28 Minn. 118; *Lesher* v. *Getman*, 28 Minn. 93; *Simon* v. *Mann*, 33 Minn. 412; *Fairbanks* v. *Whitney*, 36 Minn. 305.

The position of the garnishee that the assignment was not completed until filed in the office of the register of deeds in Trail County, N. Dak., is utterly futile. The provision of the Dakota code is, that until filed the assignment shall be void as against creditors. This is a registry law merely, and does not operate upon the power of individuals to make an assignment in any other manner if creditors do not object. *Paulson* v. *Clough,* 40 Minn. 494; *St. Paul T. Ins. & T. Co.* v. *Berkey,* 52 Minn. 497.

Considered as a foreign assignment, the trust will not be upheld as against citizens of Minnesota, because, not being a judicial proceeding, it is repugnant to our public policy and contrary to our laws.

Considered as a foreign assignment created under the laws of North Dakota, it is void under the public policy and laws of the state of North Dakota, because made to a nonresident; and at common law an assignment for benefit of creditors made to a nonresident was void. 1 Perry, Trusts, § 39; 2 Do. § 590; *Cram* v. *Mitchell,* 1 Sandf. Ch. 251; *Currie* v. *Hart,* 2 Sandf. Ch. 353; *T. T. Haydock Carriage Co.* v. *Pier,* 74 Wis. 582.

GILFILLAN, C. J. Plaintiffs brought an action on promissory notes, in Ramsey county, against Ellingson, and in that suit brought garnishee proceedings against Turner. On the disclosure, the latter claimed title to the money or property sought to be reached. Thereupon the plaintiffs filed a supplemental complaint against the garnishee defendant, and he filed his answer thereto. The plaintiffs demurred to the answer, and from an order sustaining the demurrer the garnishee defendant appeals.

Upon the allegations of the complaint admitted by the answer, and those of the answer, these are the facts: Ellingson resided and did business in, and all his property, consisting of real and personal property, was in, the state of North Dakota; and, being insolvent, on February 3, 1893, he, at Minneapolis, in this state, executed and delivered to Turner, who resided in Minneapolis, an assignment to him for the benefit of his (Ellingson's) creditors. The assignment was never filed in the office of the clerk of any district court of this state, but, as required by the laws of North Dakota, it was recorded in the office of the register of deeds of the county in which Elling-

son resided, and all the requirements of the law of North Dakota respecting such assignments were complied with. The assignee took possession of the assigned property; and the money in his hands at Minneapolis, where the garnishee summons was served, was proceeds of sale of such property.

Of course, if the assignment was valid and passed the title to the property, that title would be respected everywhere and wherever the assignee might subsequently carry the property or its proceeds.

It is claimed that it was invalid—First, because, having been executed in this state, it was a Minnesota contract, and its validity must be judged by the law of this state, and that, not having been filed as required by our statute, it was void; second, if, because its subject-matter was in North Dakota, and it was intended to take effect and be operative and be carried out there, it was a North Dakota contract, then it was void by the law of that state.

Though we were to deem it executed in this state, still it would not come within our statute regulating assignments. That statute does not assume to regulate assignments executed in this state by nonresidents, who have no property and no place for carrying on business in this state, and the trusts created by which are to be carried out in another state. That is evident from the requirement (1878 G. S. ch. 41, § 23) that the assignment shall be filed in the office of the clerk of the District Court in the county wherein the debtor resides, or wherein the business in reference to which it is made has been principally carried on,—a requirement which a nonresident, having no property and no business in the state, could not comply with. The statute does not assume to regulate the business of nonresidents whose sole property and business is out of the jurisdiction of this state; so that if it is to be deemed a contract executed here, to be judged by the law here, inasmuch as the statute does not apply to it, its validity is to be determined by the rules of the common law.

But it is not to be deemed as fully executed in this state. The parties were contracting with reference to the laws of North Dakota, creating a trust to be performed there, and which would be valid there, and they intended to do what the law of that state required to make the trust operative and effectual there; and what they contemplated in the way of executing and making the assign-

ment effectual was not completed until it was taken to, and, as required by the law of that state, recorded in, the county of the debtor's residence. As soon as it was fully executed, so as to take effect where it was intended to take effect, by doing what the law of that state requires, it became to all intents and purposes a North Dakota contract, to be judged by the law of that state. By the law of this state, an assignment for the benefit of creditors is of no effect till it is filed, so as to become the basis of a judicial proceeding. Till filed, the assignment is not completed. Suppose a debtor, resident in this state, having a business and property only in this state, should, in some other state,—say, where such assignments are prohibited,—sign, seal, and deliver an assignment intended to be filed here, and to be operative only here, and which should be brought here and filed. Would we hesitate to say that the filing was the final act of execution, that the assignment was to be deemed as executed here, and that it was a Minnesota contract, to be judged as to its validity by our law? We think not. No matter where the partial execution, the writing, signing, sealing, and delivering might be done, it would be deemed executed in that state where the final act to make it go into effect was intended to be and was done. This assignment was finally, fully executed in North Dakota.

This makes it unnecessary to go into the large field of inquiry, when a contract is executed in one state, but intended to be performed in another, by the law of which state is its validity and the sufficiency of its execution to be determined?

The objection to its validity as a North Dakota assignment is that it appoints as assignee a nonresident of that state. The statute of that state on the subject of assignment for the benefit of creditors is fully set out in the answer. We are not referred to any decision of the court in that state; and we assume that, except as otherwise provided by the statute, the validity of an assignment is to be determined upon the principles of the common law. We are referred to two provisions of the statute (section 4663, subds. 4, 5), but we do not see that they prescribe what effect the appointment of a nonresident assignee shall have on the validity of the assignment. We take it that it is to be determined by the common law. By the common law, the appointment of an unfit assignee, as distinguished from one incapacitated by law to take and execute the trust, was

a badge of fraud,—was evidence of a fraudulent intent on the part of the assignor to secure to himself some control over the disposition of the assigned assets. Thus, the appointment of one incompetent from ignorance of business, from blindness, from inability to read and write, from residence at so great a distance from the place where the trust must be executed as to suggest that he will not attend to it himself, is a badge of fraud. In the same category comes residence of the assignee in another state. But none of these rendered an assignment void *ipso facto*. It was only as they established a fraudulent intent that avoided it. In the case most relied to avoid this assignment (*Cram* v. *Mitchell*, 1 Sandf. Ch. 251), there were three assignees,—one blind, one unable to read and write, and the other a nonresident of the state. The court, in its opinion, discusses each and all of these as tending to show an intent by the assignor to keep the control in his own hands, and hinder and delay creditors, and, as to the nonresidence of one of the assignees, said: "So, if a failing debtor, whose property was all situated in this city [New York], and whose principal creditors resided here, should make an assignment to three merchants residing in Boston, and who, although creditors of the assignor, could not give their personal attention to the management of the trust, without some satisfactory explanation it would be apparent that the assignor had created a necessity for a substitution in the conduct of the estate which would be likely either to give him control of the assets, or to afford him opportunities to retain and appropriate them to his own use."

In *Guerin* v. *Hunt*, 6 Minn. 375 (Gil. 260), it was held that the selection of an incompetent assignee (in that case, one unable to read or write) from an improper motive will avoid an assignment, but, in the absence of such motive, it will only furnish ground for removing the assignee, and that such incompetency is a badge of fraud. That is in accordance with the tenor of all the decisions.

There is no allegation in either of the pleadings of any fraudulent intent in making the assignment. The statement of evidence tending to prove that intent is not, in pleading, equivalent to an allegation of the intent.

The question, when will a transfer, valid by the law of the owner's domicile, but which would not have been valid if executed here, be

held to pass the title to personal property situated here, as to creditors of the owner resident here, and seeking a remedy here against such property is not in the case, because, by the law of the state where the assignor resided, and where the property was situated, the title passed, and the subsequent removal of the property to this state would not displace such title.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1003.)