E. B. ANDERSON v. W. H. PRINGLE and Others.

May 14, 1900.

Nos. 12,056—(92).

| | |
|---|---|
| 79 | 433 |
| 82 | 218 |
| 79 | 433 |
| 86 | 388 |

**Contract—Substantial Performance.**

The doctrine of substantial performance of a building or other contract, where of necessity the owner of the structure must retain the benefits of the contract so far as it has been performed, does not apply where, as in this case, the deviations from the terms of the contract are so substantial that an allowance out of the contract price would not give the owner substantially what he contracted for.

Action in the district court for Polk county to recover $124.99 for labor and materials, and to foreclose a mechanic's lien therefor. The case was tried before Watts, J., who found that plaintiff was entitled to recover against defendants Grover and Jacobi in the sum of $60. From a judgment entered pursuant to the findings, those defendants appealed. Reversed.

79 M.—28

*Grover & Massee,* for appellants.

*R. J. Montague,* for respondent.

START, C. J.

This action was brought to establish and foreclose a mechanic's lien on the premises described in the complaint. The plaintiff's lien claim was abandoned by him on the trial, and the action then proceeded as one for the recovery of money only for materials furnished and services rendered by the plaintiff to the defendants E. J. Grover and G. R. Jacobi pursuant to an express contract between them. The trial court made its findings of fact and conclusions of law, and ordered judgment against the defendants named for $60 and interest. They appealed from the judgment so entered.

One of the defenses relied upon by the defendants was that the contract upon which the plaintiff's claim against them was based was an entire contract, and that the plaintiff had not performed it. Upon this issue the trial court found, in effect, that on October 12, 1898, the parties made a contract whereby the plaintiff agreed to raise and level the store building of the defendants, furnish plank for footing of cellar sill, square the cellar, stud and board it in, put sill in center of the store, and replace the sidewalk as it was when the work began; for all of which the defendants agreed to pay him $100. That the plaintiff furnished the materials required, and substantially performed the work, but he did not level the building in a proper manner; that the cost of so leveling the building would be $40; and that the reasonable value of the plaintiff's services and materials furnished in the prosecution of the work is $60. The contention of the defendants is that the undisputed evidence in the case, and the findings of the court as well, conclusively show that the plaintiff did not substantially perform his contract, and therefore the court erred in ordering judgment for the reasonable value of his part performance of the contract.

The rule as to substantial performance of a building or other contract, where of necessity the owner of the structure must retain the benefits of the contract in so far as it may have been performed, is well settled in this state. The rule is that, where a contractor has in good faith made substantial performance of the

terms of the contract, but there are some slight omissions or defects, which are readily remedied, so that an allowance therefor out of the contract price will give the other party in substance what he bargained for, the contractor may recover the contract price, less the damages on account of the omissions. But this rule of substantial compliance does not apply where the omissions or deviations from the terms of the contract or its performance are so substantial that an allowance out of the contract price would not give the owner essentially what he contracted for. O'Dea v. City of Winona, 41 Minn. 424, 43 N. W. 97; Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845.

The plaintiff claims that there was a substantial performance of the contract within the rule stated. It is manifest from the findings and the evidence that there was not. The trial court found that the plaintiff performed only sixty per cent. of his contract, and that the nonperformance related to the leveling of the building. The undisputed evidence shows that the leveling of the building was the result sought by the defendants in entering into the contract. The raising of the building and the furnishing of the materials were merely incidental to the attainment of this object. Therefore the facts found by the court, when read in the light of the evidence, show that the nonperformance of the contract by the plaintiff was not slight or casual, but that it was of a substantial nature, and of such extent that an allowance out of the contract price would not give the defendants essentially what they contracted for. The doctrine of substantial performance is, if not strictly logical, equitable and wholesome. Its purpose is to secure substantial justice between man and man by relaxing in proper cases the rigid, and, in practice, sometimes harsh, rule as to the entirety of contracts. While we regret the necessity of reversing a case of the character of this one, and especially so where the amount involved is so small, we cannot hold that there was a substantial compliance with the contract in this case without establishing a precedent which will enable parties to contracts to

abandon them, and recover on a quantum meruit, whenever they may find it for their interest to do so.

Judgment reversed, and a new trial granted.