WILLIAM I. GRAY and Another v. VILLAGE OF NEW PAYNESVILLE.[1]

May 15, 1903.

Nos. 13,340—(17).

## Contract—Recovery of Balance Due.

Action to recover the balance of the contract price for putting in a
system of waterworks and an electric light plant for the defendant, all
of which it accepted as in accordance with the contract, except a water
tank which was connected with, and was a necessary part of, the sys-
tem. The defendant insisted that the tank did not comply with the con-
tract. Thereupon the plaintiffs agreed to complete it according to the
plans and specifications therefor, and the defendant, relying upon the
promise, paid the greater part of the contract price for the work, and
has ever since been in the possession and use of the entire system, in-
cluding the tank. *Held*, that the defendant cannot now insist on com-
plete performance of the contract, as a condition precedent to a recovery
of the balance of the contract price, but it is entitled to reduce the plain-
tiffs' claim by the amount of damages it has sustained by the alleged
failure of the plaintiffs fully to perform their contract.

Appeal by defendant from an order of the district court for
Stearns county, Baxter, J., denying a motion for judgment not-

[1] Reported in 94 N. W. 721.

withstanding the verdict or for a new trial. Reversed and new trial granted.

*Frank Tolman* and *Calhoun & Bennett*, for appellant.

*Winfield W. Bardwell*, for respondents.

START, C. J.

The complaint herein alleges, in effect, that the parties hereto entered into a contract whereby the plaintiffs agreed to construct and equip, ready for use for the defendant, on or before November 15, 1898, a system of waterworks and an electric light plant, according to plans and specifications therefor, for which the defendant agreed to pay the plaintiffs $8,306; that the time for the performance of the contract was by the mutual agreement of the parties extended to June 15, 1899; that the whole work was fully completed according to the terms of the contract on or before that date; and, further, that the defendant has paid to the plaintiff upon the contract price for the work the sum of $7,806, and no more. For the balance of the unpaid contract price, $500, judgment was demanded.

The answer admitted the making of the contract, denied the alleged performance thereof, and alleged that on January 7, 1899, differences having arisen between the parties as to such performance, it was agreed by the parties that the tank connected with the waterworks as a necessary part thereof was not constructed in accordance with the contract, and that $500 of the contract price should be retained by the defendant until the plaintiffs caused the tank to be constructed in accordance with the plans and specifications by May 15, 1899, which was afterwards extended to June 15; that, relying upon such agreement, the defendant paid the plaintiffs all of the contract price for such work, except the sum of $500. As a defense and counterclaim, the answer alleged that the tank was never completed in accordance with the plans and specifications, in that it is not of the size required, or constructed of the materials required, and is not water-tight, and that by reason thereof the defendant has sustained damages in the sum of $1,000. The reply admitted and alleged that on January 7, 1899, an understanding was had between the parties

whereby the plaintiffs agreed to repair and complete the tank by June 15, 1899; that they did so complete and repair and deliver the tank to the defendant before the day last named. The other allegations of the answer were put in issue by the reply. There was a verdict for the full amount claimed, and the defendant appealed from an order denying its motion for judgment or a new trial.

The defendant's first contention is that the original contract was superseded by the new contract as to completing the tank, and that plaintiffs' cause of action should have been predicated upon the latter, and, not having done so, there can be no recovery in this action, because a party cannot sue on one contract, and recover on another. Cremer v. Miller, 56 Minn. 52, 57 N. W. 318. This claim rests upon a mistaken construction of the pleadings. The complaint states a cause of action for the recovery of the balance of the contract price remaining unpaid. The answer alleges new matter as a defense, and a counterclaim to defeat a recovery, in whole or in part, of the balance due on the original contract. The so-called new contract was simply a concession and agreement on the part of the plaintiffs that the contract, in so far as it related to the tank, had not been fully performed, and an agreement on the part of the defendant extending the time for performance by the plaintiffs in accordance with the contract. The question litigated on the trial was whether the plaintiffs made the tank to conform to the plans and specifications. This was not an attempt to recover upon a cause of action other than the one alleged in the complaint. The defendant's other assignments of error relate to the rulings of the trial judge on the admission of evidence and his instructions to the jury. It conclusively appears from the admissions of the reply and the plaintiffs' own evidence that there was a controversy as to whether they had constructed the tank according to the contract, and that they agreed to complete it in accordance with the plans and specifications, and that the defendant extended the time to enable them to do so. This agreement was necessarily a concession or admission that they had not then performed their contract as to the tank. Practically,

then, the only issue between the parties on the trial was whether the plaintiffs had so completed the tank.

The plaintiffs, over the objection of the defendant, were permitted to show that the representative of the defendant, named in the contract for the purpose of inspecting all material used in the construction of the work, and rejecting it if not in accordance with the contract, made no objection or protest to any material or to the work as it progressed. This was error, for the reason that the representative was discharged before the concession and extension contract was made. What he did or failed to do before that time was immaterial, for the plaintiffs then conceded that the tank did not conform to the plans and specifications.

The defendant gave evidence tending to show that in several material particulars the tank was not completed in accordance with the contract, and offered to show that the reasonable cost of putting it in condition to comply with the plans and specifications would be $500. The trial court refused to receive the testimony, and submitted the case to the jury on the basis that the plaintiff must recover the whole of the contract price remaining unpaid, or nothing. We are of the opinion that this was error. The facts of this case take it out of the rule applicable to ordinary building contracts. See Anderson v. Pringle, 79 Minn. 433, 82 N. W. 682. As suggested, this is an action to recover a balance alleged to be due on a contract for building a system of waterworks, of which the water tank is an inseparable part. The defendant has paid more than $7,000 on the purchase price, and has possession of and is using the entire system, including the tank, and must continue so to do; hence it cannot now insist on strict performance of the entire contract as a condition precedent to recover the balance of the contract price, but must rely upon its claim for damages as to the part not performed, if such be the case. Therefore, if the plaintiffs have fully performed the contract, they are entitled to recover the full amount claimed. If not, then the defendant is entitled to reduce the amount of their recovery by the amount of the damages it has sustained by their failure so to perform, or to defeat any recovery if its damages

exceed the amount claimed. Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613.

Counsel for the plaintiffs, however, insist that the errors indicated were not prejudicial, for the reason that the plaintiffs were entitled to recover the full amount claimed, as a matter of law. This conclusion is based upon the claim that the defendant had on the ground a representative, whose duty it was to pass upon all material and work that entered into the construction of the waterworks, and whose decision was final, and that the defendant accepted the tank. The claim is without merit, for the reasons we have already stated; and, further, it is not sustained by the evidence.

It follows that there must be a new trial, for the errors stated; hence it is not necessary to pass upon the defendant's other assignments of error, further than to say that it was error to permit the plaintiffs' experts to testify that the tank was constructed in accordance with the plans and specifications, without disclosing any knowledge of how or of what materials it was in fact constructed.

Order reversed and new trial granted.