JOHN E. HOLT and Another v. PETER H. SIMS and Another.[1]

SAME v. PETER H. SIMS.

January 27, 1905.

Nos. 14,158—(205).

**Sale—Implied Warranty.**

The plaintiff furnished two heating plants to the purchasers, one for a bank building, another for a dwelling house, without an express warranty of their capacity. *Held,* that there was no implied warranty that the same would suitably or sufficiently heat the buildings for which they were furnished.

**Vendor's Expression of Opinion.**

A statement of opinion by the vendor of the capacity of an article furnished does not of itself constitute a warranty, nor impose an obligation to make it good.

**Pleading—Intent to Deceive.**

In order to show that statements and representations have misled and deceived a party in regard to the quality or character of an article sold, it is necessary to allege, as well as to establish by evidence, an intent to deceive, upon which the purchaser relies.

**Performance of Contract.**

Upon the showing that a heating plant of a better capacity than that agreed to be furnished was provided, *held,* that under the facts in this case it was a legal and substantial compliance with the contract therefor.

[1] Reported in 102 N. W. 386.

Separate actions in the district court for Ramsey county by the same plaintiffs to recover respectively from defendants Peter H. Sims and wife the sum of $211.24, and from defendant Peter H. Sims the sum of $151, upon separate contracts for the installation of heating plants, and to foreclose mechanic's liens filed to secure the payment of said claims. The actions were tried together before Kelly, J., who found in each case in favor of plaintiffs. From separate orders respectively denying a motion for a new trial, defendants appealed. Orders affirmed.

*Philip Gilbert,* for appellants.

*Harold Harris,* for respondents.

LOVELY, J.

These appeals are from two orders denying motions for new trials, both reviewing cognate issues of similar character, brought here at the same time, and considered together.

Plaintiffs installed a heating apparatus in the dwelling house of defendants Peter H. Sims and wife at White Bear Lake, and also one in the bank building of the husband at the same place. The terms of the contracts under which these plants were installed are not disputed. They were embraced in proposals signed by the owners of the buildings, which were accepted by plaintiffs. As to the one for the dwelling house, plaintiffs were to install a hot-water heating plant therein, to consist of a No. 3 St. Paul boiler, with rated capacity of three hundred twenty five feet, to be set in the basement, with all necessary connections, and to fire up and test the job. For the bank building plaintiffs agreed to install a heating plant and to use therefor an old boiler then contained in the building, also to furnish all necessary pipings, fittings, valves, and labor to complete the job.

There are no further warranties expressed than contained in these accepted proposals. But it is insisted on the part of defendants that there was an implied warranty that the plant, when installed, would comfortably heat the rooms in the building when placed; or, in other words, would answer the intended purpose of defendants in purchasing the same. We are very clear that under the terms of the contract that no such implied warranty can be inferred or impressed upon its terms. The plants to be furnished were known to the defendants;

their purposes were understood; their capacity for heating was open to investigation, which was presumably made by the purchaser; and it is nowhere disputed that such plants did in fact possess heating capacity, although not satisfactory to the desires and expectations of defendant. Under such circumstances it cannot be held that the sale of a heating apparatus to be placed in a building necessarily implies that it will heat such structure to any certain degree of temperature, or so as to render it sufficient in that respect. Cosgrove v. Bennett, 32 Minn. 371, 20 N. W. 359; Goulds v. Brophy, 42 Minn. 109, 43 N. W. 834. It was open to the defendants, if they desired specific results, to demand and obtain, if they could, an express warranty providing for the desired heating facilities, and their failure to require such terms in the contracts entered into precludes them from any complaint upon rules which are well settled and elementary.

Under assignments of error complaining of the exclusion of statements alleged to have been made to the defendants during negotiations for the instalment of the plants, it is now urged that such testimony would have tended to show that the defendants had been misled and were deceived thereby to their detriment and injury; that in fact a fraud was perpetrated upon them by leading them to believe that the heating capacity of the plants was greater than in practical results they turned out to be. The court properly excluded this testimony for the reason that under the issues presented by the answers the failure of the plants properly to heat the buildings, which was the gravamen of the defenses relied upon, embraced no definite or even general averments from which any inference of deceit could be drawn, or upon which it could be predicated. This was certainly an essential legal element of this defense, and should have been set forth to have justified the admission of this evidence. Humphrey v. Merriam, 32 Minn. 197, 20 N. W. 138; Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566; McKibbin v. Ellingson, 58 Minn. 205, 59 N. W. 1003. It appears from the memorandum of the trial court that this contention was not raised until the motion for a new trial, and we are not able to give it substantial effect upon this review.

The only remaining question we deem it necessary to pass upon is that in furnishing the heating apparatus for the dwelling house a No. 5 St. Paul boiler was furnished, instead of a No. 3, as specified in the

terms of the contract. It appears that the plaintiffs were unable to obtain a No. 3 boiler, and the No. 5 St. Paul boiler furnished a better and greater heating capacity than the one provided for, and the court held this was a substantial compliance with the contract. It seems almost finical for the defendants to complain that their house was not well heated because the plaintiffs did not provide a suitable furnace upon the ground that the one furnished was really better in this respect than that which was named in the contract, and we are very clear that the ruling of the trial court that there was a substantial compliance with the contract must be sustained. This seems to us to be too obvious to admit of controversy, and fully sustained by the authorities. O'Dea v. City of Winona, 41 Minn. 424, 43 N. W. 97; Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Madden v. Oestrich, 46 Minn. 538, 49 N. W. 301; Anderson v. Pringle, 79 Minn. 433, 82 N. W. 682.

Orders appealed from are both affirmed.