JOHN O. HOGLUND and Others v. M. O. SORTEDAHL and Others.[1]

June 21, 1907.

Nos. 15,112—(43).

**Substantial Performance of Contract.**

The doctrine of substantial performance of a building or other contract, in which of necessity the owner must retain the benefit of the contract so far as it has been executed, does not apply when the variations from the terms of that contract are so substantial that an allowance out of the contract price for damage for deviations would not give the owner substantially what he contracted for.

**Evidence.**

In this case payments had been made to the extent of about three-fourths of the contract price. Suit was brought for the remainder. The jury, after viewing the premises, found for the defendant. The architect

[1] Reported in 112 N. W. 408.

testified to substantial compliance. Defendants showed many deviations from contract, which, construed together with proof that there was a crack in the wall and that other parts of the building were out of plumb, are held to have justified the trial court in refusing to set aside the verdict.

Action in the district court for Red Lake county to foreclose a mechanic's lien. The case was tried before Watts, J., who struck out the lien statement. The issues were tried before a jury, which rendered a verdict in favor of defendants. From an order denying a motion to vacate the verdict and to grant a new trial, plaintiffs appealed. Affirmed.

*L. E. Gossman, H. L. Gaylord, John Lind* and *A. Ueland,* for appellants.

*Germo & Farley,* for respondents.

JAGGARD, J.

This was an action brought to foreclose a mechanic's lien filed by the plaintiffs and appellants upon premises owned by defendants and respondents. The contract price was $4,125. The payments claimed by defendants amounted to $3,182.19. The amount plaintiff sought to recover was $942.81, together with $25 to $40 worth of extra work. The court struck the lien statement out because of defects, and tried the issues to a jury. It submitted to the jury the questions of substantial compliance, of claims for extra work, and of the counterclaims of the defendants, including damages for a failure to construct the building in accordance with the contract, and damages for failure to complete at the time specified by contract, determined by the reasonable rental value for the period. The jury returned a verdict for defendants. From an order denying plaintiffs' motion for a new trial this appeal was taken.

The general principles applicable to the controversy are well settled. The original rule, requiring proof of exact and literal performance of all the terms and conditions of a contract as a condition precedent to the right of recovery by the contractor, has been largely relaxed by the decisions of this court in accordance with the general trend of authority. The owner is secured substantial justice if he takes the building as it is constructed, in reasonable conformity with the plans and specifica-

tions, and is awarded damages for the decrease in its value due to failure to absolutely perform contract requirements. It would be intolerable injustice to allow him to retain without pay what the contractor has done for his benefit. The doctrine of substantial performance of a building or other contract, in which, of necessity, the owner of the structure must retain the benefits of the contract so far as it has been executed, does not, however, apply where the variations from the terms of the contract are so substantial that an allowance out of the contract price of damages for the deviations would not give the owner essentially what he contracted for. Anderson v. Pringle, 79 Minn. 433, 82 N. W. 682. And see Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; Cornish, C. & G. Co. v. Antrim Co-operative Dairy Assn., 82 Minn. 215, 84 N. W. 724.

The question in the case at bar concerns the application of these rules to the facts as they appear in the record. The testimony indicates in many respects a substantial performance. The evidence of the architect to that effect, under the circumstances of this particular case, is not especially significant. Most of the items with respect to which the record shows that there was failure to conform to the contract requirements could have been adequately estimated in money damages. Those damages, however, might well have been found by the jury to have been large. Indeed, defendants contend with much show of justice that the verdict in this case might be sustained on the theory that the jury found substantial compliance, allowed or denied a sum for plaintiffs' extra work, and deducted therefrom damages allowed the defendants upon their counterclaims. This contention it is not necessary to here decide.

It is to be noted, however, that the failures to perform, fairly chargeable to the contractor, were not trivial, nor nominal. These deviations from the contract are to be considered in connection with other matters more clearly inconsistent with a substantial performance. The record shows that there was a crack in the wall, and that other parts of the building were out of plumb. It appears that "the crack on the outside of the wall is from the building having settled on that side. * * * The cause of the crack between this building and the Borchers' building is because of this building settling. Of course, leaning over, it

must cause a crack where it gives way." This was due to "water in the ground."

The contract required porous drain tiling to convey away water in the soil about the foundation of the building. Impervious tiling was in fact used. The testimony, for present purposes, is conclusive that the defect in the wall was due to this violation of specifications. Plaintiffs claim that the owner waived this defect, because he agreed "to accept the work done in the basement wall." That agreement did not expressly include the work done in the selection of the drain pipes, nor the manner in which they were laid. Waiver in such cases is primarily a question of intention. If the defendants wished to rely on it, they should have submitted the issue to the jury, especially with reference to the knowledge by the plaintiffs of the facts as to the drain.

Plaintiffs also insist that, if the contractor was responsible for the defect in foundation and for the consequent imperfection of the wall, the testimony shows that an expenditure of $112 would put in such a drain as the contract called for. It is not apparent, however, that this would remedy the present defect in the wall, although it might prevent further imperfection. Moreover, with the consent of both counsel, the jury viewed the building. The trial court denied the motion for a new trial. Casual consideration will demonstrate that, under the present circumstances, a court which has before it only the printed record of the testimony, which has not seen the building nor the witnesses, nor heard their testimony, should not set aside determination of both the jury and the trial judge, unless the record is clear and convincing. That the present record is not. The conclusion follows that the jury was justified in finding from the evidence that the deviations from the terms of the contract were so substantial that an allowance out of the contract price would not give the owner substantially what he contracted for.

We regard the defendants' further contention that the omissions and deviations were intentional and fraudulent as not applicable here.

Order affirmed.