HAROLD JOHNSON and Another v. JOHN FEHSEFELDT.[1]

December 11, 1908.

Nos. 15,784—(56).

**Entire Contract—Recovery by Party Who Abandons It.**

Where a contract is entire, and one party, not in default, is willing to complete its performance, the other party, who abandons the contract or refuses to perform it, cannot recover on the contract or on a quantum meruit the value of the labor he has expended in its partial performance.

**Contract not Severable.**

The mere fact that a price has been affixed to each bushel of a crop contracted to be threshed is not sufficient to make it severable.

**Recovery on Quantum Meruit.**

In this case it is *held* that whether an agreement to thresh grain for a specified price was to thresh an entire crop or an indefinite number of bushels was a question of fact, and that, if the contract should prove to be an entire one, the thresherman, who abandoned the contract before all the grain had been threshed because it was being performed at a loss, cannot recover on the contract on a quantum meruit the agreed price of the number of bushels actually threshed.

Action in the district court for Grant county to recover possession of certain grain threshed by plaintiffs, on which they had filed a threshers' lien, or for $250, the value thereof, and $100 damages. The case was tried before Flaherty, J., who directed a verdict in favor of plaintiffs that they were entitled to the possession of certain flax or the sum of $138.49. Defendant moved for a new trial which was granted, unless plaintiffs would consent that the value of the grain be reduced to $65.28 and that the lien of plaintiffs on the flax be for the sum of $65.28. Plaintiffs consented to the reduction, but defendant appealed. Reversed and new trial granted.

*N. J. Bothne* and *James B. Ormond,* for appellant.

*F. W. Murphy* and *F. C. Anderson,* for respondents.

JAGGARD, J.

Plaintiffs and respondents, owners of a threshing outfit, entered in-to a verbal agreement with defendant and appellant to thresh defend-

1 Reported in 118 N. W. 797

ant's grain, for which defendant agreed to pay the sum of ten cents a bushel for wheat, six cents a bushel for oats, and fifteen cents for flax. Plaintiffs contend that this case involved an agreement to thresh grain at so much per bushel; defendant, that it was to thresh all of his crop of grain. Upon the record, we are of the opinion that the question was one of fact. Pursuant to the agreement the plaintiffs threshed a portion of the crop. Before the entire crop had been threshed, plaintiffs hauled their threshing machine away from defendant's premises and refused to thresh more for the reason that they were losing money. There was testimony tending to show that there were some three hundred acres of grain left in shock, which plaintiffs neglected and refused to thresh. Defendant then completed the threshing of his grain through other parties. Subsequently plaintiffs filed thresher's liens. The court directed a verdict in effect for the plaintiffs for the work and threshing they had done at the agreed price per bushel. A motion for a new trial was denied, provided the plaintiffs stipulated for a reduction of the verdict. The stipulation was filed. The court thereupon denied the motion for a new trial, from which appellant appealed.

For present purposes, and for them only, it must and will be assumed, upon a construction most favorable to the defeated party, that plaintiffs agreed to thresh all of defendant's crop. The essential question is whether the contract was entire and indivisible, in the sense that plaintiffs could not recover upon a quantum meruit or upon the contract to the extent to which it had been performed. On principle we are of opinion that plaintiffs could not recover. When they found that they were operating at a loss, they had the option to complete the contract, recover the contract price, and submit to the loss, or to abandon the contract, lose the work they had done, and be subject to whatever damages might be recoverable for the breach of the contract. The fact that plaintiffs had rendered services, the value of which defendant retained, did not entitle plaintiffs to recover on quantum meruit because of the contract and of the inability of defendants to return the services. "As said in Galvin v. Prentice, 45 N. Y. 162: 'When the contract is entire, and one party is willing to complete the performance, and is not in default, no promise can be implied on his part to compensate the other party for a part perform-

ance.' Certainly it ought to be so where the failure to fully perform is due wholly to the fault of such other party." Kriger v. Leppel, 42 Minn. 6, 8, 43 N. W. 484. And see Nelichka v. Esterly, 29 Minn. 146, 12 N. W. 457; Kohn v. Fandel, 29 Minn. 470, 13 N. W. 904.

It would be obviously inconsistent with common justice that plaintiffs should recover pro tanto on the contract which they had substantially violated. They were in the wrong. They were not in a position to say to defendant: "We will perform the contract we have agreed to if it prove profitable. If we find it unprofitable, we will abandon it." That would be to contradict the contract. Such reasoning is forbidden by its terms. Defendant did not agree in advance to a breach of the contract and to accept in lieu of performance the requirement that he pay plaintiffs for what they had done under the contract and for the balance to accept the right to try damages before a jury. Such speculation on the part of the plaintiffs it would be unreasonable to permit.

It is well settled in this state that the failure to perform an entire contract ordinarily defeats the right to recover on the contract. Atwater, J., said in Mason v. Heyward, 3 Minn. 116, 122 (182, 190): "Where a party wilfully, or without cause, refuses to complete a contract which he has made, and upon the execution of which he has entered, courts should never interfere to protect him from the consequences of his own wrong." It is true that where, as in building contracts, there is a substantial performance, the court will not permit the owner of the land to retain the fruits of the labor and refuse to pay for it. Leeds v. Little, 42 Minn. 414, 44 N. W. 309. It is equally clear, however, that where there has been an intentional failure to complete the contract, or a departure so substantial as to be incapable of a remedy, there can be no partial recovery. Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; Hoglund v. Sortedahl, 101 Minn. 359, 112 N. W. 408.

This view accords with prevailing authority. "A partial performance may be a defense pro tanto, or it may sustain an action, pro tanto; but this can be only in cases where the duty to be done consists of parts which are distinct and severable in their own nature, and are not bound together by expressions giving entirety to the contract. It is not enough that the duty to be done is in itself severable, if the

contract contemplates it only as a whole." 2 Parsons, Cont. (9th Ed.) 810, 811. "The mere fact that * * * the value is ascertained by the price, affixed to each pound, or yard, or bushel of the quantity contracted for, will not be sufficient to render the contract severable." 2 Parsons, Cont. (9th Ed.) 675.

Reversed and a new trial granted.