## WILLIAM T. BLAKELY v. J. NEILS LUMBER COMPANY.[1]

May 2, 1913.

Nos. 17,883, 17,894—(56, 57).

**Express contract — substantial performance.**

1. Where the plaintiff declares upon an express contract, and the evidence shows that it has not been strictly performed, he must recover, if at all,. under the doctrine of substantial performance, an inseparable component of which is that the defendant, under proper pleading, may recover the damages. suffered by reason of the plaintiff's failure of strict performance.

**Same.**

2. Contract to drive logs by water and deliver them at a certain mill *held* susceptible of substantial performance.

**Same — pleading and proof.**

3. Substantial performance may be proved under a general allegation of performance, and, where such is sought to be done, evidence of waiver of strict performance and acceptance of the work is admissible upon the issue thus raised.

**Same — evidence.**

4. Evidence *held* not to warrant the submission of the question whether the defendant had waived his right of recoupment for the plaintiff's failure strictly to perform the contract sued on.

**Breach of contract — proof of expense incurred — admissible evidence.**

5. Where the defendant's claim of recoupment is based upon the fact that, the plaintiff's failure of strict performance necessitated the services of a third party, for which a lien was allowed by law, he should allege and prove:

. [1] Reported in 141 N. W. 179.

the value of such services, and not the amount of the lien established by such third party and a judgment, not binding upon the plaintiff, therefor in an action to which the plaintiff was not a party; such lien and judgment being admissible for the sole purpose of showing that the lien claim was actually made and the judgment entered, and not for the purpose of being exhibited to the jury or of proving the value of the services in question.

**Recovery by plaintiff.**

6. The plaintiff cannot recover for services other than those stated in the complaint, though the defendant seeks recoupment for the plaintiff's failure strictly to perform the contract sued on.

After the former appeal reported in 114 Minn. 523, 131 N. W. 1133, the case was tried before Stanton, J., who at the close of plaintiff's case denied motions for directed verdicts, and a jury which returned a verdict for $500 in favor of plaintiff. From an order denying their motions for judgment notwithstanding the verdict or for a new trial, both parties appealed. Reversed.

*Chester McKusick,* for plaintiff.

*Powell & Simpson* and *Ernest C. Carman,* for defendant.

PHILIP E. BROWN, J.

This case is here for the second time upon appeal and cross-appeal; the plaintiff appealing from the order of the court denying his motion for judgment notwithstanding the verdict, awarding him $500 upon his claim of $1,272.36, or for a new trial, and the defendant appealing on the same ground. The issues made by the pleadings are sufficiently stated in the report of the former appeals, contained in 114 Minn. 523, 524, 131 N. W. 1133. The contract sued on was for the driving of several million feet of logs for a gross compensation, and contained a provision that the logs should be driven and delivered separate from any other logs.

1. It is clear that both motions for a new trial must be granted, if neither party is entitled to judgment notwithstanding the verdict, and each party so claims; for, besides other errors, upon the theory adopted by the plaintiff that his performance of the contract was complete, it was error to admit evidence of a waiver by the defendant of a material stipulation concerning performance, while, on the other

hand, it was error to admit generally the judgment entered in an action between Blake & Hawkins as plaintiffs and this same defendant. We will advert to these matters in connection with the determination of the question whether either party is entitled to judgment notwithstanding the verdict. This question we will next consider, and for convenience we will discuss the two appeals together, following the points made in logical order, rather than with reference to the party by whom urged.

2. The plaintiff contends that the evidence conclusively showed full performance on his part, and that he is therefore entitled to judgment absolute, free from any claim by the defendant for breach of the contract, while the defendant urges that it is entitled to judgment on the ground that the evidence showed such a failure of performance by the plaintiff that he is not entitled to any recovery whatever. Neither of these contentions can be sustained, for both fail to take account of the doctrine of substantial performance, and this doctrine was not invoked on the trial.

Under the evidence it conclusively appears that the plaintiff did not strictly perform the contract, in that he did not, as required thereby, "drive, tow, and deliver" the logs specified therein "separate from any other logs," and it appears that he allowed them to become intermingled with logs in charge of Blake & Hawkins, other drivers, who subsequently filed a lien under R. L. 1905, § 3535, for driving and separating them, for which they recovered judgment against the defendant, and that while the plaintiff delivered the amount of logs called for by the contract, a large number of them were not the identical logs specified by the contract, and which he had undertaken to drive, deliver, etc., to the defendant. The plaintiff, therefore, having declared upon an express contract, which has not been strictly performed, must recover, if at all, under the doctrine of substantial performance, which contemplates that the defendant may recoup any damages suffered by reason of the plaintiff's failure of strict performance. In such case he cannot recover upon a quantum meruit. Johnson v. Fehsefeldt, 106 Minn. 202, 118 N. W. 797, 20 L.R.A. (N.S.) 1069. Nor can he be awarded full payment as for a strict performance, without regard to the damages suffered by the defend-

ant (see Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613; Gray v. Village of New Paynesville, 89 Minn. 258, 261, 94 N. W. 721), provided, of course, such damages are properly pleaded.

But it does not follow that the defendant's motion for judgment in its favor should prevail under the evidence. This is, we think, a case to which the doctrine of substantial performance may be applied, and there was evidence tending to show such performance. Johnson v. Fehsefeldt, supra, Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L.R.A. 52, and Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053, are not, therefore, in point; nor is this a case where a wilful abandonment is conclusively shown, in which event no recovery at all could be had. See Johnson v. Fehsefeldt, supra. This controversy must be determined upon the principles above stated, and as declared in Leeds v. Little, 42 Minn. 414, 44 N. W. 309, and in Gray v. Village of New Paynesville, supra, and upon the question of variance raised in connection with the defendant's motion for judgment, the case is controlled by Sykes v. City of St. Cloud, 60 Minn. 442, 454, 62 N. W. 613, where the distinction between *substantial* and *partial* performance as a basis of recovery is indicated.

3. This brings us to the defendant's point that the court erred in allowing the plaintiff to introduce evidence tending to show a waiver by the defendant of the terms and requirements of the contract. This point has a double aspect; for, under the plaintiff's theory, waiver or admission of performance would not only preclude the defendant from insisting upon strict performance of the contract, but also bar it from recovering damages for the failure so to perform. Performance of conditions precedent must be alleged. This is too elementary to require citation or discussion. But strict performance as a condition precedent to recovery need not be pleaded as such; nor is it necessary to allege substantial performance in terms. In other words, performance of the principal undertaking of the contract, and of the conditions thereof, if any there be, may be alleged in general terms, and a recovery may then be had upon proof of either strict or substantial performance; and as acceptance and waiver of matters relating to the form and manner of performance are clearly material upon the issue of substantial performance, they may be

proved for such purpose under a general averment of performance. The distinction between substantial performance and partial performance and modification must be kept in mind in this connection. See Gray v. Village of New Paynesville, supra; Sykes v. City of St. Cloud, supra.

The second aspect of the point under consideration, however, presents something more than the admissibility of evidence upon an issue of substantial performance. It is an inseparable component of the right to recover for such performance that the party against whom it is urged shall be compensated for his loss resulting from the failure to perform strictly, and if the claim of the defendant concerning the intermingling of the logs and its forced payment to Blake & Hawkins, as to which there seems to be no dispute, is well founded, then the defendant in justice should, if substantial performance is established, be allowed to recoup such sum as it would legally be compelled to pay them in the premises, not to exceed, however, the amount it was actually required so to pay. It was the duty of the plaintiff under the contract to deliver the logs as he had agreed to do, and if through any cause, while in the performance of such duty, he incurred liability for which the defendant was bound, and for which it has been compelled to respond, he, and not it, should bear the burden; but this liability cannot be established by the judgment referred to, for the plaintiff was neither a party to nor bound by the same.

If, on the other hand, the plaintiff has any claim for services performed for the defendant other than those stated in the complaint, such cannot be litigated under these pleadings. The defendant's answer is defective, in not alleging the value of the services of Blake & Hawkins. In order, however, that this controversy may be brought to a close, we think that an amendment of the answer should be allowed in the respect referred to. When this is done, the lien statement and also the judgment set up in the answer will be competent evidence to show, respectively, that such claim was actually made and judgment entered thereon; but neither should be exhibited to the jury, nor should the jury be advised of the amount of either.

There is no evidence in this record to warrant the submission of

the question whether the defendant waived its right of recoupment, based upon the intermingling, etc., of the logs.

We have directed attention to many of the matters above referred to at the request of the parties and in view of a new trial.

Orders reversed on both appeals, and a new trial granted.