# WILLIAM T. BLAKELY v. J. NEILS LUMBER COMPANY.[1]

February 19, 1915.

Nos. 19,028—(237).

**Former decision followed.**

1. Former decision in this action (121 Minn. 280), followed and applied as the law of the case.

1 Reported in 151 N. W. 182.

128 M.—30.

**Submission of issues to jury — objection to directed verdict.**

2. Where there is an objection to an instructed verdict under section 7998, G. S. 1913, the objecting party is not required to request the submission of particular issues to the jury. Such requests may be made, but in the absence thereof the trial court will proceed and submit such issues as are presented by the pleadings and evidence, as the court deems proper.

**No error.**

3. The record presents no reversible error.

After the former appeals reported in 114 Minn. 523, 131 N. W. 1133, and 121 Minn. 280, 141 N. W. 179, the action was tried before Stanton, J., and a jury which returned a verdict of $1,133.56 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Powell & Simpson, Leslie C. Millar* and *Ernest C. Carman,* for appellant.

*Chester McKusick,* for respondent.

BROWN, C. J.

This cause has been before us on two former appeals, 114 Minn. 523, 131 N. W. 1133; 121 Minn. 280, 141 N. W. 179. The facts were fully stated in the opinion on the second appeal, and the legal rights of the parties defined and stated, reference to which is here made for understanding of the case and the issues involved. The last trial resulted in a verdict for plaintiff, and defendant again appealed.

The former decision becomes the law of the case, controlling the rights and liabilities of the parties, and we have only to consider whether any errors were committed on the trial of a nature to justify a new trial. Our examination of the record brings to light no such error. Upon all controlling issues and questions in the case the trial court closely followed the decision of this court, and applied the rules there laid down as determinative of the rights and liabilities of the parties. The court instructed the jury that plaintiff could recover only upon a showing of a substantial performance of the contract; no question of waiver of performance was submitted to the jury, and

there is no sufficient foundation for the contention of defendant that there was a departure from the issues made by the pleadings. The instructions of the court upon the question of the amount of plaintiff's recovery, and the damages suffered by defendant in consequence of a failure of complete performance by plaintiff, were in strict accord with our former decision and therefore not open to the objections made by defendant.

At the conclusion of the trial defendant moved the court for a directed verdict in its favor, to which plaintiff interposed seasonable objection. The court thereupon submitted the issues to the jury by instructions covering the entire case. No special requests for the submission of any particular issue or issues were submitted to the court in connection with plaintiff's objection to a directed verdict, and defendant now contends that the court erred in submitting the issues in the manner stated. This contention is not well founded. The statute controlling situations of this kind (section 7998, G. S. 1913), cannot well be construed as claimed by counsel. The object and purpose of that statute was to abolish the practice of directing verdicts at the close of the trial. Where objection is made the court should proceed and submit the issues to the jury under the usual and appropriate instructions. Counsel may request the submission of particular issues, but they are not required to do so. When no special requests are made the usual method of concluding the trial should be observed and such instructions given as the court deems proper.

This covers all that need be said. We find no error in the admission or exclusion of evidence, or error in the charge of the court to justify a third trial of the action. The alleged misconduct of plaintiff's counsel was a matter for the trial court, in disposing of which we find no abuse of discretion.

Order affirmed.