C. S. Leeds *vs.* Frank E. Little, impleaded, etc.

January 29, 1890.

**Mechanic's Lien—Subcontractor—Sufficiency of Statement—Amount Secured.**—The owner of land contracted with a builder to erect a house on the premises. The builder then contracted in writing with a third party to furnish and lay the tile on the house according to the architect's plan and specifications, for a gross sum, to be paid on completion of the job. *Held,* that a statement in gross of the labor and material in fur- nishing and laying the tile, the same as in the contract between the con- tractor and subcontractor, (annexed to and filed with the statement,) was a sufficient account of the labor and material for a lien on the premises in favor of the subcontractor, under the provisions of Gen. St. 1878, c. 90, §§ 2, 6. The amount secured by the lien will be commensurate with the contract price between the contractor and the subcontractor, if the contract be an honest and fair one.

**Same—Contract Price—Evidence.**—While it will not be conclusive upon the owner, who may impeach it for fraud or mistake, yet, *prima facie,* the contract price is the measure of the amount of the lien.

**Building Contract — Substantial Performance — Recovery of Price with Deductions—Burden of Proof.**—Where a contractor has in good faith made substantial performance of the terms of a building contract, but there are some slight omissions or defects which are not so essential as to defeat the object of the parties, but are readily susceptible of being remedied so that an allowance out of the contract price will give the other party full indemnity, and, in substance, what he bargained for, the contractor, in an action on the contract, may recover the contract price, less the damages on account of the omissions or defects; and if, in such case, the other party wishes to claim a deduction on account of such defects or omissions, the burden is upon him to allege and prove his damages.

Appeal by defendant Little from a judgment of the district court for Hennepin county, *Smith,* J., presiding, establishing a lien to the amount of $2,315.87 on real property of the appellant.

*Flannery & Cooke,* for appellant.

*Hiram C. Truesdale,* for respondent.

MITCHELL, J. Defendant Little, being the owner of the land described in the complaint, in August, 1887, entered into a contract with defendant Stalbird for the erection of a dwelling-house on the premises. Stalbird then entered into a contract in writing (Exhibit B) with plaintiffs, by which the latter agreed "to furnish and lay the tile on the house according to the plans and specifications by L. S. Buffington, using shingle tile for the sides, and Spanish tile for roof; also finials and crestings for ridges; for the sum of $2,100. Terms, spot cash on completion of job." The plaintiffs, claiming to have performed their contract, and not having received their pay from Stalbird, in September, 1888, filed their affidavit and statement for a lien, to which was annexed a copy of the written contract between them and Stalbird. To an action to enforce this lien Little interposed two defences: *First,* that plaintiffs had not filed a properly itemized account of the labor and material, as required by Gen. St. 1878, c. 90, § 6; and, *second,* that they had not fulfilled their contract.

The objection to the statement for a lien is that it does not give the items of the labor and material, or their value, but is a mere statement in gross, the same as in the contract with Stalbird. This point is virtually disposed of by *King* v. *Smith, supra,* p. 286. Plaintiffs' contract being for a gross sum for the whole job, no more detailed statement was necessary or practicable. Had the claim for a lien been by a contract, or against the owner, no other form of statement would have been either proper or possible, and yet the requirements of section 7 as to statements for a lien under section 1 are the same as those of section 6 for a lien under section 2, c. 90. This statute, in giving a material-man, laborer, or subcontractor a lien for the value or *contract* price of his material or labor, proceeds upon the idea that the owner, by making a contract with another for the erection, etc., of a building on his land, in view of the provisions of the existing lien law, makes him his *quasi* agent, with authority to charge the land for labor or material for all legitimate purposes of its performance; and this authority extends to the prices, as well as the quantity or quality, of the labor or material; and the amount of the claim secured by the lien will be commensurate with the contract price, if one is agreed on, between the contractor and subcontractor, if the contract be an honest and fair one. It is not, of course, conclusive upon the owner, who may show that it is so exorbitant and unreasonable as to indicate fraud, mistake, or the like; but *prima facie,* at least, it is the measure of the amount of the lien.

2. A careful inspection of the answer satisfies us that the second defence tenders no issue as to the quality of plaintiffs' work, but merely charges a failure on their part to complete the roof within the time agreed, (alleged to have been November 1, 1887,) by reason of which certain damages resulted to defendant. The court finds that no time was agreed on when the work should be completed, in which case, of course, the law implies a reasonable time. The court further finds that the plaintiffs entered upon the performance of their contract October 15, 1887, and prosecuted work thereunder and thereon until June 16, 1888, at which time they had fully completed it. In the absence of the evidence on the question, and of any find-

ing that this was an unreasonable time, we must construe the finding of the court as adverse to the defendant on the issue as to the time of performance.

This would be decisive of the case in favor of the plaintiffs; but if it be assumed that the parties, voluntarily and outside of the pleadings, tried issues as to the quality of the work, the same result is reached. The only provision in the specifications referred to in Exhibit B, as to the manner of laying the tile, is that they shall be "all laid in proper manner." The only objection made to the manner of laying the tile on the roof is that they were not laid in cement. The finding of the court is to the effect that, at the time this contract was made and this work done, cement had never been used in this locality in laying tile, but they had been uniformly laid on felt, without cement, although tile laid in cement make a better roof than when laid without it. While this, like many of the findings, is rather a summary of the evidence than a finding on an issuable fact, yet, as contracts are presumed to be made with reference to the general customs and usages of trade and business, it must be construed as equivalent to a finding that the roof tile was laid in a proper manner. To the suggestion that the specifications provide that the work was to be done to the satisfaction of the architect and the owner, and that the defendant objected to the tile being laid without cement, it is enough to say that, even conceding that this would give the owner the right to exact a method of doing the work different from that expressed or implied by the contract, no such thing is pleaded, or even suggested, in the answer. *Lautenschlager* v. *Hunter*, 22 Minn. 267. This disposes of the objection to the roof.

As to the tile on the sides of the house, the court finds that they were improperly laid on, without being fastened properly, so that some of them fell off; but that there was no evidence tending to prove what it would cost to take off and replace them in a proper manner, or in any way fixing the amount of damage sustained by reason of these tile not having been properly put on. Defendant's contention is that, plaintiffs' contract being an entirety, they to be paid a gross sum on completion of the job, they cannot recover on the contract until it has been fully performed in all respects; that,

at most, they can only recover for the reasonable value of the labor and material furnished and performed; and that, in the absence of any evidence showing how much it would cost to remedy the defect referred to, there is nothing to show how much, if anything, the plaintiffs are entitled to recover; that the burden of showing how much it would cost to remedy the defect was on them, and not on defendant.

The question what, if anything, a contractor, who has in some respect failed to completely perform his contract according to all its provisions, may recover, and whether upon the contract or on a *quantum meruit*, is one of some difficulty, and which has given rise to some diversity of judicial decision, especially in the case of building contracts, or others where the party has expended labor and material upon the land of another which cannot be returned to him, but which the owner of the land must necessarily retain and have the benefit of. In some states, such as Massachusetts and New Hampshire, the courts have adopted what is sometimes called the modern equitable rule, that the party who has the possession and enjoyment of the labor and materials of another must make compensation for what he has received, after full allowance has been made to him for any damage he may have sustained by the non-performance of the contract in its entirety. *Hayward* v. *Leonard*, 7 Pick. 181; *Smith* v. *First Cong.*, etc., 8 Pick. 178; *Cullen* v. *Sears*, 112 Mass. 299, 308; *Britton* v. *Turner*, 6 N. H. 481. In other states, like New York, a more rigid rule has been adopted, founded upon the policy of securing full and faithful performance of contracts, and of discouraging parties from abandoning their contracts or executing them as their interest or caprice may dictate. *Smith* v. *Brady*, 17 N. Y. 173. The severity of the rule has, however, been much relaxed in subsequent cases in that state, under a very liberal application of the doctrine of "substantial performance." *Glacius* v. *Black*, 50 N. Y. 145; *Johnson* v. *De Peyster*, Id. 666; *Phillip* v. *Gallant*, 62 N. Y. 256; *Woodward* v. *Fuller*, 80 N. Y. 312; *Heckman* v. *Pinkney*, 81 N. Y. 211.

Without now considering or deciding in what cases, if any, a party who has not substantially performed his contract in its entirety may

recover on a *quantum meruit*, it would seem clear, from the general principles governing the enforcement of contracts, that, to entitle a party to recover the contract price in an action on the contract, he must have made a substantial performance of his agreement. But this does not mean exact performance in every slight or unimportant detail. In many cases, such as building contracts, notwithstanding the most honest, diligent, and intelligent effort to fully perform in every particular, yet, owing to oversight, inadvertence, or some excusable mistake, very often some slight omissions or defects may be discovered. To hold that a builder could not in any such case recover on his contract would be too rigid a rule to apply to the practical affairs of life. Substantial performance is all that reason or the law requires. Literal compliance in every detail is not required. This is the rule applicable to contracts generally. Thus, in the case of contracts for the sale of real estate, where the difference or deficiency in certain respects between the property contracted for and that tendered for conveyance is slight in substance, and not material to the enjoyment of the property or inducing the contract,—as for example, a difference of a few days in a long term of years, or a slight deficiency in the quantity of the land,—it may be made a matter of compensation in value upon equitable principles. Leake, Cont. 833. So in these building contracts the rule, even where the courts hold most strictly, is that where the contractor in good faith intended to comply with the terms of his contract, and has substantially done so, but there are some slight omissions or defects caused by inadvertence or mistake, which are not so essential as to defeat the object of the parties, or, as it has sometimes been expressed, do not go to the root of the subject-matter of the contract, but are easily susceptible of remedy, so that an allowance out of the contract price will give the other party full indemnity, and give him in effect just what he bargained for, the contractor may recover the contract price, less the damages on account of such defects or omissions; and, where the contractor shows such a substantial performance, if the other party wishes to claim an allowance or deduction on account of such slight defects or omissions, the burden is on him to allege and prove his damages. *Heckmann* v. *Pinkney, supra.* That there may be this

substantial performance, notwithstanding that the amount necessary to remedy the defects or omissions may be a quite appreciable sum, is illustrated by several of the cases already cited.

In the case at bar no objection is made to the quality of the tile. The only defect is in the manner of fastening those placed on the sides of the house. That this is a defect easily remedied is apparent from its intrinsic character. How many there are of these tile, or how much it would cost to fasten them properly, does not appear. They may be very few in number, and the cost of remedying the defect may be very trifling. Under the circumstances, taking all the findings of the trial court together, we think they must be construed as in effect finding that, notwithstanding the defect referred to, there had been a substantial performance of the contract by plaintiffs. Hence, under the rule already announced, it was for the defendant to prove the amount, if anything, which he was entitled to have deducted from the contract price on account of the defect complained of.

Judgment affirmed.