John Elliott and another *vs.* Jennie Caldwell and Husband.

June 2, 1890.

| 43 | 357 |
| 46 | 470 |
| 43 | 357 |
| 60 | 295 |
| 43 | 357 |
| 79 | 435 |
| 43 | 357 |
| 86 | 388 |

**Building Contract—Substantial Compliance.**—The doctrine of "substantial compliance" of building contracts does not apply when the omissions or departures from the contract are intentional, and so substantial as not to be capable of remedy, and that an allowance out of the contract price would not give the owner essentially what he contracted for.

**Same—Recovery for Partial Performance, when Allowable.**—To entitle a party to recover for part-performance or for performance in a different way from that contracted for, his contract remaining open and unperformed, the circumstances must be such that a new contract may be implied from the conduct of the parties to pay a compensation for the partial or substituted performance. The mere fact that the partial performance is beneficial to a party is not enough from which to imply a promise to pay for it. Hence, in the case of a building on land, which the builder fails to complete, or completes in a manner not substantially conforming to the contract, the mere fact that it remains on the land, and the owner enjoys the benefit of it, he having no option to reject it, is not such an acceptance as will imply a promise to pay for it, notwithstanding the non-performance of the special contract.

**Same—Complaint.**—The complaint construed, and *held*, that the cause of action stated in it is only on the special contract, and not on an implied one to pay the measure and value price of the work done.

**Same—Evidence.**—The findings of the referee *held* justified by the evidence.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Hooker*, J., presiding, refusing a new trial after a trial before Arthur J. Shores, Esq., as referee, and judgment ordered for defendants.

*Welch, Botkin & Welch*, for appellants.

*Davenport & Thian*, for respondents.

MITCHELL, J. We have carefully read the evidence in this case, and are satisfied that it amply justified all the material findings of fact by the referee. Upon the facts thus found, it is impossible for the plaintiffs to recover in this action. They declare upon a written contract, by which they agree to build for the defendant Jennie Caldwell, according to certain plans and specifications, a dwelling-house for a gross sum. They allege that before they made their bid or executed the contract, it was agreed that certain changes were to be made in the plans and specifications, and that they made their bid and entered into the contract with reference to such agreed changes, which were, however, through mistake or inadvertence, never made. They further allege that they have fully performed their contract by constructing the house according to such plans and specifications as thus agreed to be changed, and ask that the written contract (of which the plans and specifications are a part) be reformed so as to conform to the intention and actual agreement of the parties; that they have judgment for the amount of the contract price; and that the judgment be declared a specific lien on the building. The defendants in their answer deny all the facts set up in the complaint as a ground for the reformation of the written contract, which they allege correctly embodies the actual agreement. They also deny that plaintiffs have performed their contract, but allege, on the contrary, that they have fraudulently, and by means of a conspiracy between them and one Jones, the person named in the contract as the super-

visor of the construction of the building, made numerous material and substantial deviations and departures from the contract by using different and inferior and defective material, and doing different and inferior work, from that called for in the specifications, so that the house is essentially different from and inferior to the one contracted for. The referee finds that plaintiffs executed the written contract with full knowledge of its contents, and without any mistake or oversight. He also finds that plaintiffs have not completed or constructed the building in substantial compliance with this contract, but have omitted altogether certain things, and have deviated and departed from it in numerous particulars as to the kind and quality of both the materials and the work, which he specifies. Without enumerating these, it is enough for present purposes to say that, taken as a whole, they are not mere slight defects or omissions, which may be remedied without difficulty, so as to give defendants substantially the building they bargained for, but that they are of a substantial nature, which run through the whole work, and are now incapable of correction, and render the house substantially different from and inferior to the one which plaintiffs contracted to build. Jones, the supervisor, was discharged, and a new one appointed December 4th, after the building was up and inclosed, and sheathing, siding, and roofboards on, and the windows in, and the floor-joists, floor-lining, studding, etc., up. From the referee's description, it appears that at this date the plaintiffs had already made the greater number of the most material departures and deviations already referred to. The referee further finds that all departures and deviations from the specifications by plaintiffs prior to that date were made with the knowledge and consent of Jones, but without the knowledge or consent of the defendants; also that they were made by plaintiffs well knowing that the same were unauthorized by the defendants, and for the purpose of defrauding the defendant Jennie Caldwell; that the last work was done by the plaintiffs on the building on May 3d; that on May 16th defendants moved into it, and occupied it; that before doing so they requested plaintiffs to complete it in conformity with the plans and specifications, which they refused to do; that the defendants have never at any time accepted the building as complete,

or as erected in conformity to the requirements of the contract. The referee also states that he is unable to find from the evidence that the defendants ever excused the plaintiffs from conforming to the specifications in any of the particulars specified. This is equivalent to a finding in the negative, or that the fact was not proved.

Upon such a state of facts, the plaintiffs cannot recover on the express contract, because they have not performed it on their part, and performance is a condition precedent to payment. They have not at all brought themselves within the liberal rule of "substantial performance" laid down in *Leeds* v. *Little*, 42 Minn. 414, (44 N. W. Rep. 309,) for the omissions and deviations were not slight and easily remedied, but substantial, and remediless except by tearing down and rebuilding the structure. Neither were they the result of mistake or oversight, but intentional and even fraudulent. And we may remark here, in passing, that the very nature of the deviations, as in using inferior and defective material all through the building, is intrinsic evidence strongly supporting the finding that plaintiffs acted fraudulently. No case, we think, can be found where the doctrine of "substantial performance" was applied to such a state of facts. To justify a recovery upon the contract as substantially performed, the omissions or deviations must be the result of mistake or inadvertence, and not intentional, much less fraudulent; and they must be slight or susceptible of remedy, so that an allowance out of the contract price will give the other party substantially what he contracted for. They must not be substantial and running through the whole work, so as to be remediless, and defeat the object of having the work done in a particular manner. And these are questions of fact for the jury or trial court. *Olmstead* v. *Beale*, 19 Pick. 528; *Woodward* v. *Fuller*, 80 N. Y. 312. It may seem a harsh doctrine to hold that a man who has built a house shall have no pay for it, but the other party can well say: "I never made any such agreement. I agreed to pay you if you would build my house in a certain manner, which you have not done." The fault is with the one who voluntarily violates his contract.

The plaintiffs, however, contend that, even if they are not entitled to recover upon the express contract, they are entitled to recover upon

an implied contract the measure and value price of their labor and material. They claim that the evidence shows that, at least after December 4th, the defendants, with knowledge of these deviations from the contract, without objection permitted them to go on and expend money and labor on the building, and have since occupied it, and are enjoying the benefit of it. It is sufficient answer to this to say that the plaintiffs did not in their complaint predicate their right of recovery on any such ground, and there is nothing in the record to indicate that the parties voluntarily litigated any issue outside the pleadings. The plaintiffs declared expressly and exclusively upon the written contract which they sought to have reformed and enforced. It is true that they alleged in their complaint that their labor and material were reasonably worth the contract price, but they nowhere allege any other contract for its performance or promise to pay for it except the written one. The allegation that the work was accepted by the defendants can only mean that they have accepted it as performance of the express contract,—a fact which is found against them by the referee. But, even if the issue had been in the case, the most that could be claimed for the evidence is that the existence of any implied contract to pay the measure and value price was one of fact for the referee; and plaintiffs have no finding in their favor on any such issue. That there are cases where, the special contract remaining open and unperformed, an action may still be maintained to recover compensation for what the plaintiff has done under it, cannot be doubted. See *Cutter* v. *Powell*, 6 T. R. 320, 2 Smith, Lead. Cas. 1212. Without entering into any general discussion of this subject, we may say generally, as applied to cases like the present, that such an action can only be maintained where a new contract may be implied from the conduct of the parties to pay a remuneration commensurate with the benefit derived from the partial performance; for an express contract necessarily excludes a contemporaneous implied one in relation to the same matter. The acceptance of the benefit of a partial performance, or of performance in a way different from that contracted for, where the party has the option of returning or rejecting the consideration performed, will usually be sufficient to imply a promise to pay a compensation commensurate

with the benefit accepted. But the mere fact that a part-performance has been beneficial is not enough to render the party benefited liable to pay for the advantage. It must appear that he has taken the benefit under circumstances sufficient to raise an implied promise to pay for the work done, notwithstanding the non-performance of the special contract. Therefore, in a case of a building on land under a contract which the builder fails to complete, or which he completes in a manner not conforming to the contract, so that the owner cannot be charged with the contract price, the mere fact of the building remaining on the land, and that the owner resumed possession and enjoys the fruits of the labor, is not such an acceptance as alone will imply a promise to pay for it; for the possession of the land necessarily involves possession of the buildings in their existing state, and the owner has no option of rejecting them. Leake, Cont. 68; *Munro* v. *Butt*, 8 El. & Bl. 738. But it is unnecessary to pursue this subject further, for the question whether the defendants by their conduct waived the special contract, and impliedly promised to pay for a substantially different and inferior building according to its reasonable value, was not an issue in the case; and the finding that they never accepted the building as performance of the express contract is abundantly supported by the evidence.

The newly-discovered evidence was purely cumulative, and, as to the only really material part of it, the plaintiffs furnished no sufficient excuse for not producing it at the trial.

Order affirmed.