## JOHN E. ULDRICKSON v. PEDER A. SAMDAHL.[1]

June 3, 1904.

Nos. 13,871—(63).

**Mechanic's Lien.**

> In an action to foreclose a mechanic's lien it is *held* that the findings of the trial court are sustained by the evidence, and the judgment appealed from is affirmed.

Appeal by plaintiff from a judgment of the district court for Chippewa county, entered pursuant to the findings and order of Qvale, J. Affirmed.

*Ole Hartwick* and *C. A. Fosnes,* for appellant.

*J. O. Haugland* and *E. L. Winje,* for respondent.

BROWN, J.

Action to foreclose a mechanic's lien, in which defendant had judgment in the court below, and plaintiff appealed.

It appears that on April 8, 1901, plaintiff and defendant entered into a contract by the terms of which plaintiff agreed to build and erect for defendant a dwelling house upon premises owned by him, furnishing all the material and labor therefor for the agreed sum of $2,535, payments to be made by defendant as the work progressed. Plaintiff entered upon the performance of the contract, and, claiming to have completed it, brought this action to foreclose a lien he had duly perfected. Defendant interposed in defense a failure to perform the contract. The trial court found that plaintiff failed and neglected to perform the conditions of his agreement in that the plastering of the house was deficient, defective, and imperfect, the material used being of an inferior grade and quality, and not that called for by the contract. The plastering on the walls and ceiling became cracked and broken, large and numerous pieces having fallen off, and large patches were loose from the walls and ceiling, and about to come down. The court further found that by reason of the failure substantially to perform the con-

---

[1] Reported in 100 N. W. 5.

tract defendant was damaged in the sum of $500, and as conclusions of law ordered judgment dismissing the action.

Defendant paid upon the work from time to time the aggregate sum of $2,276, leaving a balance due under the contract, including an amount for extras, $385. The only evidence returned to this court is on the question whether the defect in the plastering of the house was due to defective and poor material or poor and unskilful workmanship. It is urged by plaintiff that because the answer contains no allegation of damages by reason of poor material, and as there was no evidence at all of poor workmanship, the defense interposed by defendant was not made out, and the court below erred in not directing judgment for plaintiff. We are unable to concur with plaintiff's counsel.

The contract under which plaintiff undertook to erect defendant's house was an entire one, and, to entitle him to recover, it was necessary for him to show that he had fully, or at least substantially, performed the same. A failure of performance in any substantial respect would defeat his right of action, there being no waiver of his default. Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845. That there was a failure in a substantial respect the trial court expressly found as a fact, and, the evidence not being returned, it must be taken as a conceded fact that there was such a failure.

The trial court also found that by reason of this failure defendant was damaged in the sum of $500, which is more than the amount remaining due on the contract. While there is no allegation of such damages in the answer, the finding being in the record, we are bound to assume that it was based upon competent evidence received in the case without objection. The evidence tending to prove the damages is not in the record. Appellant does not assign as error that the court erred in admitting such evidence, and it is immaterial whether the answer did not specifically allege that defendant was damaged by the use of poor material. The fact that he was so damaged, and to an amount in excess of that due plaintiff, affirmatively appears from the findings, based presumably upon evidence properly received on the trial; and appellant is in no position to ask a reversal upon the ground urged.

Judgment affirmed.