WILLIAM F. HANKEE and Another v. ARUNDEL REALTY COMPANY
and Another.[1]

June 1, 1906.

Nos. 14,834—(130).

**Mechanic's Lien—Performance of Contract.**

A building contractor agreed, among other things, to install a patent
heating plant in a described structure and to furnish a license to use a
particular patented system of heating. The plant was installed and tested
by a representative of the owner of the patent, but no certificate of li-
cense was ever delivered. The contract price was $3,563. The damage for
failure to literally comply with the contract, shown in a suit to foreclose
a mechanic's lien, was $33. It is *held* that the contract required the de-
livery of a certificate of license of the patent system, that the contract
was substantially performed, and that the requirement in the order of the
trial court for judgment of the delivery of such certificate of license by
the contractor to the owner of the building, as a condition precedent to
the entry of judgment, protected that owner.

Action in the district court for Ramsey county to enforce and fore-
close a mechanic's lien for $1,305.68 upon a building of defendant
company for the unpaid balance of the contract price of a steam-heat-
ing plant. The action was tried before Hallam, J., who made findings
of fact, and as conclusions of law found that plaintiffs were entitled to
recover from defendants $1,041.90 and interest, and to a judgment of
foreclosure as prayed, upon their furnishing to defendant a written
license to use the patented system installed by plaintiffs. From an
order denying a motion for a new trial, defendant Arundel Realty
Company appealed. Affirmed.

*Horton & Denegre,* for appellant.

*George C. Rogers,* for respondents.

JAGGARD, J.

This was an action to foreclose a mechanic's lien. Plaintiffs and
respondents agreed to install in the building of the defendant and ap-

[1] Reported in 108 N. W. 842.

pellant, the Arundel Realty Company, a heating plant known as the "Paul Vacuum System." The plaintiffs insisted that there had been a substantial compliance with the contract on their part. The amount of the contract price was $3,563. The damages proved by the defendant was only $33. The defendant and appellant pleaded in its answer plaintiffs' failure to carry out their contract. The only feature set up in the answer upon which defendant relies on this appeal is the noncompliance by the plaintiffs with the provisions of their contract whereby they agreed to furnish to the defendant a license to use the Paul vacuum system to circulate steam at or below the atmospheric pressure. The testimony showed that no written license or certificate of license was ever furnished, but it shows that an expert of the heating company made a test of the plant and found it in good order. Immediately afterwards the pump was disconnected and has not since been operated at all. The court found that the contract had been substantially performed, and as conclusions of law held that the plaintiffs were entitled to a lien as prayed, and also that

> No judgment shall be entered herein until plaintiff shall furnish to the defendant Arundel Realty Company a certificate from the Automatic Heating Company of license to said defendant to use the Paul vacuum system for circulating steam in said building.

From an order denying defendant's motion for a new trial this appeal was taken.

The trial court held, as appears in its findings of fact and conclusions of law, that the plaintiffs had procured a license.

"The license is an implied one, but it is as effective as any express license could be. * * * The rule applicable here is that the purchaser of a patented article from the patentee, or other person authorized to sell, ordinarily acquires by his purchase an unrestricted right to use the patented article. * * * A license may be inferred by the acquiescence by the patentee in the use of the patented article. 22 Am. & Eng. Enc. of Law, 432, 433." He concluded "that the defendant has an indisputable right to use the plant and system as installed free from any interference from the owner of the patent or any other person."

He regarded the written certificate as a form of no practical value to the defendant. The clause of the contract involved reads as follows:

> The contractor will run all the necessary air piping for equipping the entire building with the Paul vacuum system for circulating steam at or below the atmospheric pressure, and furnish license to use the system.

We agree with the defendant that this requires a written license or certificate of license to use this system; that the clause "furnish license to use the system" was not equivalent to an agreement that the parties would so conduct themselves as to work an estoppel upon the owner of the heating system, and thereby secure in effect a license, and to protect the defendant against an infringement suit or any interference. We think, however, that the trial court was right in regarding this as largely a matter of form. The defendant was entitled to that certificate, however, and his right in this regard was protected by the requirement of its production as a condition precedent to the entry of the judgment. When this formal defect is supplied, the contract will have been substantially performed. The case accordingly falls within the familiar rule entitling a building contractor to a mechanic's lien upon the substantial performance of his contract, and despite some slight omission or defects which were not so essential as to defeat his claim, or, as it is sometimes said, do not go to the root of the subject-matter of the contract, but are easily susceptible of remedy. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; 4 Current Law, p. 621, § 4a.

Order affirmed.