## CARL LINDQUIST v. MARGARET A. YOUNG and Others.[1]

October 25, 1912.

Nos. 17,727—(61).

**Findings not contradictory.**

In the erection of a flat building plaintiff agreed to do all the carpenter work for $1,400, the owner to furnish the material; the court found a substantial performance, although there were omissions in the work which would require $37.25 to complete. *Held,* that considering the contract price and the character and detail of the work performed, the finding that defects and omissions amounted to $37.25 is not contradictory of the finding of substantial performance, which finding is amply sustained by the evidence.

**Mechanic's lien.**

Where the owner of premises, upon which improvement is to be created,

[1] Reported in 138 N. W. 28.

for which the statute gives a right to a mechanic's lien, contracts with the mechanic for personal supervision and temporary store or tool-houses in connection with the work he undertakes, the mechanic is entitled to claim a lien for the whole contract price.

**Attorney's fee.**

The allowance of fifty dollars for attorney's fees as costs by the court, is reasonable, and the statute permitting such allowance is constitutional.

**Trial — permitting lien claimant to intervene.**

No prejudice resulted to the owner from the order compelling another lien claimant to intervene after plaintiff's cause was tried and before entry of judgment, for it was open to the owner to suggest to the court at the trial of plaintiff's action that such lien claimant ought to be made a party as contemplated by section 3517, R. L. 1905.

**Mechanic's lien — evidence.**

The evidence sustains the findings as to the right of the intervener to a lien for the amount therein stated.

**Same — pleading and proof.**

A statement in a lien filed, as to a matter not required to be stated, does not prevent the lien claimant from pleading and proving the facts where no one has been misled by such statement.

**Rulings on evidence.**

Rulings on admission and exclusion of evidence examined and held to show no reversible error.

Action in the district court for Hennepin county to recover $615.55 and to foreclose two mechanic's-liens for that amount upon a certain city lot. The answer admitted the filing of the lien statements, alleged that plaintiff failed to fulfil his contract in accordance with the plans and specifications, wasted and appropriated materials of the value of $250, and prayed for judgment for $750.

The case was tried before Booth, J., who, when plaintiff rested, denied defendant's motion to dismiss the action and made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $578.30, and for $50 as an attorney's fee for the foreclosure of the liens, and directed that the liens be foreclosed by a sale of the property.

Thereafter the Bruce-Edgerton Lumber Company obtained an order to show cause why it should not intervene as a lien claimant

and, after hearing, was made a party defendant and filed its answer to the complaint, setting up a lien claim for $184.69. The case was reopened for the purpose of admitting testimony in support of the claim of the lumber company. The court made findings and as a conclusion of law ordered judgment in favor of the defendant Bruce-Edgerton Lumber Company in the sum of $148.36, co-ordinate with the judgment in favor of plaintiff, and that the amount be paid out of the proceeds of the sale equally with the judgment of plaintiff. From an order denying Margaret A. Young's motion for a new trial, she appealed. Affirmed.

*Margaret A. Young* and *E. P. Evans,* for appellant.

*John N. Berg, Adolph E. L. Johnson* and *John A. Sweeney,* for respondent.

HOLT, J.

Judgment was entered for plaintiff and intervener in this action to foreclose mechanic's liens. The defendant, owner of the property, appeals from the order denying her motion for a new trial.

For the sum of $1,400 plaintiff agreed to perform all the carpenter work required in the construction of an apartment house which appellant, as owner, was building, she to furnish all material. She let to various persons other parts of the construction, and procured the materials needed from different sources. During the progress of the work disputes arose between plaintiff and the appellant as to the manner of doing it, appellant finally refusing to make the last payments on the claim that plaintiff had not fulfilled the contract. After an exhaustive trial, the court found that there had been a substantial performance of the contract, but allowed appellant $37.25 for certain omissions and plaintiff $15.55 for work in addition to that called for by the contract. Appellant insists that plaintiff failed to prove his case; therefore the court erred in refusing to dismiss when plaintiff rested, and erred in finding that there had been a substantial performance of the contract.

No useful purpose would be served by a discussion of the evidence. A careful examination thereof leads to the conclusion that the finding of substantial performance is abundantly sustained. Ap-

pellant argues that because the court finds that the reasonable value, of completing those parts of the contract which plaintiff had omitted was $37.25, there was not a substantial performance. She says, $37.25 is a substantial sum, hence a substantial omission. To this we cannot assent. Thirty-seven dollars is relatively a small amount when the contract price, extent and detail of the work in question is considered. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Hankee v. Arundel Realty Co. 98 Minn. 219, 108 N. W. 842. The finding of substantial performance disposes also of the technical objections raised that plaintiff failed to prove that he had a competent foreman on the job, that he did not guard the material delivered on the premises day and night from being stolen, and some other stipulations contained in the contract.

It is also said the motion to dismiss should have been granted because plaintiff was not entitled to a lien on account of nonlienable items included in the claim. This, if true, would not justify a dismissal, for plaintiff would in any event be entitled to a personal judgment against her for the amount due upon proof of substantial performance. That aside, appellant's contention is not sound, that because it appears that plaintiff was to give personal supervision to the work and was to erect a temporary tool house, a right to a lien is thereby destroyed. No attempt was made to place a value on these items for the purpose of separating them from the admittedly lienable work. But we are of opinion that the personal supervision appellant required of plaintiff or of his foreman is lienable, as well as the work required in the erection of the tool house. From the owner's viewpoint both were necessary items in the improvement contracted for. Few liens could ever be enforced if appellant's theory of the law prevails. Every mechanic must spend some time in sharpening his tools, scaffolds must be provided, etc., but it ought not to be successfully argued that these matters which are necessary, but are not incorporated in the structure itself, are to be excluded from the lien given by a statute enacted for the purpose of assisting those who would otherwise lose the labor or material contributed to the improvement. Such a statute must be liberally and reasonably construed in furtherance of the remedy intended. Coughlan v.

Longini, 77 Minn. 514, 80 N. W. 695; Howes v. Reliance Wire-Works Co. 46 Minn. 44, 48 N. W. 448.

The allowance of $50 for attorney's fees to plaintiff in the costs fixed is challenged as unreasonable, and as being granted under the provision of a statute which is unconstitutional because it is class legislation. The statute sanctions an agreement for $50 attorneys' fees for the foreclosure of a mortgage of no greater amount than plaintiff's lien. And we venture to say that no lawyer of any standing will say that $50 is more than a reasonable fee for foreclosing a lien of $578, where there is a vigorous defense put up necessitating several days' trial. The argument that since the intervener was allowed only $10 for attorneys' fees, wherein the trial consumed almost as much time, therefore $50 to plaintiff is unreasonable, is not convincing. We think no one will pretend that the $10 is reasonable or adequate for the services rendered by the attorney in intervener's case. This being so, appellant has not the proper premise for her conclusion. The court undoubtedly took into consideration the fact that the intervener's lien was only $148, and that it, perhaps, ought to have spared appellant some inconvenience by coming into the action before plaintiff went to trial. No extended argument is made on the unconstitutionality of the act, (R. L. 1905, § 3517) authorizing the court to fix costs and disbursements. That this statute permits the allowance of expenses for attorneys' services by way of costs has been held in Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555, and as at present advised, the constitutional objection raised by appellant is answered by the decision in Cameron v. Chicago, M. & St. P. Ry. Co. 63 Minn. 384, 65 N. W. 652.

We find no prejudicial error in the order permitting the intervener to come in after plaintiff has tried his case, but before entry of judgment. True, the lis pendens was on record when the intervener filed its lien. It ought to have intervened at once. But appellant had also the right to bring the intervener into the action, and undoubtedly, upon her mere request, the court would have declined to try plaintiff's action until those who had filed liens were made parties. The law contemplates that all lien claimants should be parties to the final judgment. Section 3517, R. L. 1905.

The intervener sold the lumber for which the lien is claimed directly to appellant. One estimate had been delivered on the premises before plaintiff took the contract to do the carpenter work. At appellant's request he furnished an estimate as to the lumber needed. Appellant claims that it was agreed, when she bought the lumber of intervener specified in this second estimate, that what it had delivered under the first estimate should be checked off from the second. The intervener contends that only part was to be taken out. Appellant admits ordering some lumber from intervener in addition to the estimates. Plaintiff had authority to direct intervener when to deliver the lumber in the second estimate. He was also, for a time, delegated by appellant to order certain extra lumber, but after some disputes arose between them in regard to his work, this authority was revoked. All these matters presented pure questions of fact bearing upon the amount and value of the lumber sold and delivered to appellant by the intervener for the erection of her building. And the record furnishes no reasonable basis for any claim that the court allowed any amount whatever in the lien for lumber not proven to have been actually sold and furnished for the erection of appellant's building.

There is nothing in the contention that there is a fatal variance between intervener's lien statement which states that the amount therein specified was the reasonable value of the materials and the findings of the court that as to the main part the sale was for an agreed price, for the law does not require the lien statement to indicate either that the lien is claimed under a contract price or that it is based upon an implied contract for the reasonable value.

A mere inspection of the record will show that the errors assigned upon the rulings of the court in receiving or excluding evidence, as well in the trial of plaintiff's as in intervener's case, are either entirely without merit or could not possibly prejudice. The appeal presents thirty-one assignments of error and in the discussion of these appellant's 228-page brief suggests numerous technical points upon which prejudicial error is predicated. To discuss or even mention all would give undue length to this opinion. We have attentively

examined them, and find nothing therein calling for a reversal of the learned trial court's conclusions.

The order appealed from is therefore affirmed.