# GEORGE D. SNIDER AND ANOTHER v. PETERS HÓME BUILDING COMPANY.[1]

March 22, 1918.

No. 20,653.

**Building contract — action for breach — finding of substantial performance.**

1. The evidence in an action by the owners against the contractor for the breach of a contract to build a house was such as to sustain though not to require a finding that the defendant substantially performed and that such defects as there were could be readily remedied by a reasonable expenditure so that the plaintiffs would then have the house for which they contracted.

**Same — defects readily remedied — measure of damages.**

2. In such a case the measure of damages is the reasonable cost of remedying such defects and not the difference in value between the house as it was as it should have been; and it was error to exclude from the jury the cost of remedying defects.

Action in the district court for Hennepin county to recover $1,500 for breach of a building contract. The answer alleged that the house in question was build in accordance with the contract; that it was substantially completed, accepted and occupied by plaintiffs in September, 1915, and that they have ever since occupied it. The case was tried before Leary, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $450. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the order denying its motion for a new trial, defendant appealed. Reversed.

*James C. Melville,* for appellant.
*Daniel F. Foley,* for respondent.

[1]Reported in 167 N. W. 108.

DIBELL, C.

The plaintiffs had a verdict for $450 in an action to recover damages for the failure of the defendant to construct a house in accordance with the contract between them. The defendant appeals from the order denying its motion for a new trial.

The defendant contracted to construct the house for $2,600 in accordance with plans agreed upon. It constructed one in assumed compliance with the contract and the plaintiffs took possession. They claim it was not constructed in accordance with the plans and that it was defective in respect of workmanship and materials. The court instructed the jury that the measure of the plaintiffs' damages, if they were entitled to recover at all, was the difference in value between the house as it was and as it would have been if constructed according to contract. Nothing was said about the effect of a performance so substantial that such defects as there were could be readily remedied by a reasonable expenditure so that the plaintiffs would then have the house for which they contracted, though there was some evidence that the cost of remedying defects would be slight.

The questions necessary to discuss are these:

(1) Whether the evidence was such as to sustain a finding that there was a substantial performance of the character indicated and therefore to require the submission of the question to the jury.

(2) If so, and if the jury found such substantial performance, whether the measure of damages was the cost of remedying defects or the difference in the value of the house as it was and its value as it should have been.

1. The evidence for the plaintiffs and for the defendant was directly opposed. That for the plaintiffs was to the effect that there were defects in material and workmanship so vital and which so permeated the structure that a reasonable outlay would not remedy them and give the house which the defendant contracted to build. The defendant's evidence is to the effect that there was at the least a substantial performance, that such defects as there were could be remedied by an expenditure of $25 or $30, and that the plaintiffs would then have the house for which they contracted. Whether there is substantial performance is usually a question of fact. Brown v. Hall, 121 Minn. 61,

140 N. W. 128; Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L.R.A. 52. We cannot say that it conclusively appears there was not a substantial performance, though the evidence that the construction, both in respect of workmanship and material, was shabby and inherently bad is quite sufficient to sustain a finding that the performance was not substantial. The question was for the jury.

We have not overlooked the plaintiffs' claim, urgently pressed, that one bedroom was smaller than that for which the plans called, and that because of this alone there was not a substantial performance. The facts are these: The plans did not call for a soil pipe. The ordinance required one and it is conceded that there should be one. The defendant put one in the partition between the bedroom and the bathroom, and it is conceded that this was a proper place for it. To accommodate it it was necessary to make a jog of a few inches either in the bedroom or the bathroom. The defendant made it in the bedroom. It was largely a question of judgment where it should be. The plaintiffs knew what was being done and made no substantial objection. We cannot sustain the plaintiffs' contention in this respect.

We hold that the evidence was sufficient to require a submission of the question of substantial performance.

2. The remaining question is whether the court should have submitted as a measure of damages the cost of remedying defects.

It is the law of this state that the builder who has in good faith substantially performed, though there are minor defects, if they are of a character which may be so remedied that the owner will have that for which he contracted, may recover on the contract the agreed price less such sum as will cure the defects. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; Lindquist v. Young, 119 Minn. 219, 138 N. W. 28; 1 Dunnell, Minn. Dig. and 1916 Supp. § 1850. The rule which permits a recovery of the contract price with appropriate deductions is applicable only when there has been a good-faith effort to perform and the defects are capable of reasonable remedy so that the owner when they are remedied will have that for which he contracted. The case before us is not one where the contractor sues for the contract price. He has been paid, the owner is not in position to reject the building, and his only remedy is a suit for

damages. Special considerations not present here induced the rule that the builder who has substantially performed may recover on his contract by submitting to such deductions as will make the owner whole. Still a similar principle determines the measure of damages in both cases. Compensation is the basis; and the cases either directly apply or distinctly recognize the correct doctrine to be that the cost of remedying defects when performance is substantial is the proper measure. Gutov v. Clark, 190 Mich. 381, 157 N. W. 49; Graves v. Allert, 104 Tex. 614, 142 S. W. 869, 39 L. R. A. (N. S.) 591; Haysler v. Owen, 61 Mo. 270; Ekstrand v. Barth, 41 Wash. 321, 83 Pac. 305; Thomas v. Warrenburg, 92 Kan. 576, 141 Pac. 255; Trunk v. Clark, 163 Iowa, 620, 145 N. W. 277. This measure makes the owner whole. Often it is the only measure that does. It is equitable.

The effect of the charge was to exclude from the jury the fact, which it might have found, that the defects were of a character readily remedied and the performance substantial, and to eliminate from its consideration the measure of damages based upon the reasonable cost of remedying defects. The distinction between the two measures is not merely verbal nor is a consideration of them a quarrel over words. The difference in value, when the performance is substantial, may in a proper sense be the cost of remedying defects, but this is not the same as the difference in value when there has not been a substantial performance. The jury was not permitted to consider the fact of substantial performance and the cost of remedying, as to which there was evidence, and was confined to the difference in value, as to which also there was evidence, and this was based upon the fact that there was not substantial performance. The court clearly presented the case to the jury, and the verdict is one which would be sustained if the jury had had before it in some proper form the alternative measure of recovery. We are obliged to hold that it should have been submitted.

Order reversed.