## JAMES SAMPSON v. MARY BRINCE.[1]

### June 4, 1920.

### No. 21,817.

**Contract — substantial performance.**

> The evidence sustains a finding of the jury that the plaintiff substantially performed a contract for the repair or reconstruction of a building, and there was no error in the submission of the issue.

Action in the district court for St. Louis county to recover $1,162.30 for material and labor furnished in repairing a certain store building. The answer alleged defects in the reconstruction work. The case was tried before Freeman, J., and a jury which returned a verdict for the amount demanded. From an order denying her motion for judgment

[1]Reported in 177 N. W. 933.

notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Giblin & Smith,* for appellant.

*M. H. McMahon,* for respondent.

DIBELL, J.

Action to recover on a contract for the repair or reconstruction of a building. There was a verdict for the plaintiff and the defendant appeals from the order denying her motion for a new trial.

The plaintiff agreed with the defendant to do work and furnish material in putting into shape an old building in Aurora. The consideration was $1,162.30. The parties differ as to just what the contract included, but it is unnecessary to detail their differences here. The court charged the jury that if the plaintiff substantially performed the contract, as the jury found it to be, he should recover the contract price less a few dollars, the cost of remedying an admitted defect, and that if he did not substantially perform he should not recover. This is the settled doctrine. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Snider v. Peters Home Building Co. 139 Minn. 413, 167 N. W. 108, and cases cited. The evidence sustains a finding such as the verdict includes.

It is possible that if the attention of the court had been called to two or three other items, for which the defendant claimed damage by reason of defective performance, such items might have been submitted to the jury. The whole controversy was treated by court and counsel as one of fact for the jury, the trial was conducted by counsel with the evident purpose of getting their actual dispute fairly before the jury, and the issue was submitted in a charge satisfactory to both parties. A careful consideration of the record discloses no error.

Order affirmed.