SERVICE & SECURITY, INC. AND ANOTHER v. ST. PAUL
FEDERAL SAVINGS & LOAN ASSOCIATION
AND OTHERS.[1]

November 7, 1941.

No. 32,754.

*Grannis & Grannis* and *A. M. Joyce,* for appellants.

*Gerald E. Carlson,* for respondents John H. Stevens and Mary C. Stevens (now Carlson).

*Gustav C. Axelrod,* for respondent St. Paul Federal Savings & Loan Association.

[1]Reported in 300 N. W. 811.

GALLAGHER, CHIEF JUSTICE.

This is an action for damages for breach of a contract to complete a dwelling house "according to specifications." Plaintiffs appeal from an order denying their motion to vacate the findings, conclusions, and order for judgment and for a new trial. The real parties in interest are plaintiff A. M. Joyce and defendant John H. Stevens. The appeal has been abandoned, and rightfully so, as to defendant St. Paul Federal Savings and Loan Association. Plaintiff Service & Security, Incorporated, and defendant Mary C. Stevens, now Mary C. Carlson, while parties to the contract, are only nominal parties to the suit and may be disregarded.

On August 19, 1937, plaintiff and defendant entered into a written contract for the exchange of a piece of property owned by Joyce and located on Hurley street in West St. Paul for one owned by Stevens and located on Manomin street in the same city. A house and garage, nearly completed, were under process of construction on the Manomin street property when the agreement was made.

By the terms of the contract, Stevens agreed to convey the Manomin street property to Joyce by warranty deed, free from encumbrance except a mortgage for $4,500 to the St. Paul Federal Savings and Loan Association, payable "forty-five dollars a month, including interest, taxes and insurance." Stevens also agreed to pay all assessments then levied against the property except water and sewer assessments, both payable in 1938, and to complete the house "according to specifications." The contract also provided: "Balance of the lot to be filled in according to grade, and black dirt for lawn, and west window on second floor, fruit cellar and coal bin." Defendant's property was valued in the contract at $6,800 and his equity fixed at $2,300.

Joyce agreed to convey the Hurley street property to Stevens by warranty deed, free from encumbrance except a mortgage for $2,300 to the Home Owners Loan Corporation. Plaintiff's property was valued in the contract at $3,800 and his equity fixed at $1,500. The difference in equities was to be paid by Joyce as fol-

lows: "Twenty-five dollars cash, the receipt of which is hereby acknowledged. Four Hundred, seventy-five dollars when title is found to be good and marketable; One hundred dollars or more on or before November 1, 1937; one hundred dollars or more on or before January 1, 1938; the balance on or before March 1, 1938. This amount of money is to bear interest at 6 per cent per annum until paid."

About a month after the making of the contract, the respective parties executed the conveyances referred to therein, and shortly thereafter each surrendered to the other possession of the property so conveyed.

Plaintiff alleges in his complaint that defendant failed to complete the house "according to specifications" and that by reason of such failure he has been, or will be, required to expend $2,000 in completing its construction. He alleges a great number of defects, all pertaining either to failure of performance or defective performance in connection with the cement work, the woodwork, the painting, the fireplace, the shower in the basement, the filling of the lawn for seeding, and numerous other items.

In his answer defendant alleges that the contract was substantially performed; that he offered to remedy any imperfections claimed by plaintiff but that the latter refused to admit the contractor into the house for that purpose; and that any imperfections which existed at the commencement of the action were due to plaintiff's omission in failing to furnish defendant or his contractor with a list of the defects claimed by him. Defendant also counterclaimed, alleging that plaintiff was indebted to him for the following items: (1) $100 on the purchase contract which became due March 1, 1938; (2) $47.85 for insurance premiums advanced on the Manomin street property; (3) $27.29 for a payment advanced on the mortgage against the Manomin street property; and (4) $82.31 representing the amount of a judgment lien against the Hurley street property.

The respective claims of defendant were denied in plaintiff's reply.

The trial court found:

"That the defendants John H. Stevens and Mary C. Stevens, now Mary C. Carlson, did in all things fully and completely perform the conditions and provisions of said contract of August 19, 1937, concerning the building and completion of said house and garage so in the course of construction in accordance with their agreement and understanding, save and except the following items:

"1. The fireplace was not properly installed and that the cost of placing the same in a condition in keeping with the required standard as understood between the parties is the sum and amount of Thirty Dollars ($30.00).

"2. It was necessary to install a brace or post to support the dividing wall between the dining room and the kitchen. The reasonable cost of the installation of said post, material and labor, is the sum of Twelve Dollars ($12.00).

"3. A shower in the basement was not installed and the reasonable cost of installation, material and labor, is the sum of Ten Dollars ($10.00).

"4. It was necessary to make a few minor repairs in and about certain portions of the roof, and the reasonable cost of installation, material and labor, is the sum and amount of Ten Dollars ($10.00), making a total of Sixty-two Dollars ($62.00), and that while the plaintiffs in this action have in the evidence attempted to establish certain defects in the construction of said buildings, the court finds that all of the defects pointed out are minor and such as ordinarily are expected to occur in the usual course of construction of a house and garage of the character here under consideration and that the damages caused to the sidewalks and steps were due solely to the failure of the plaintiffs themselves to install proper precautions for the disposition of the roof run-offs through the gutters, in keeping with normal maintenance and upkeep of a home of this class."

The trial court allowed all of defendant's counterclaims and deducted therefrom the amount of damages awarded plaintiff, ordering judgment in defendant's favor for the balance.

It is plaintiff's contention on this appeal that insufficient damages were awarded to him on the items found by the trial court to be defective; that he is entitled to substantial damages for the other defects claimed by him; and that the court allowed defendant excessive damages on his counterclaim.

If the trial court had accepted plaintiff's testimony and that of his witnesses, a substantially larger award could have been made in his favor. We have examined the record in an effort to ascertain the merit of his contentions. As to some of his claims he offered evidence of defects but failed to offer any testimony as to the amount of damages. As to others he failed to prove the defects claimed. As to many of his claims there was direct conflict in the testimony which the trial court resolved in defendant's favor. The rule is that where testimony reasonably tends to support the findings of the trial court they must be upheld. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757.

It is not our province to go into an extended discussion of the evidence to prove or demonstrate the absolute correctness of the findings of the trial court. The policy of this court is stated by Mr. Justice Brown in Carver v. Bagley, 79 Minn. 115, 81 N. W. 758, *supra,* thus:

"It is the duty of such appellate court, of course, fully and fairly to consider such evidence, but so far only as is necessary to determine beyond question that it reasonably tends to support the findings; not that the trial court would not have been justified in making findings thereon in appellant's favor, but that the findings made are supported by evidence reasonably tending to establish the facts found."

The question whether there was compliance with the contract was one of fact for the trial court. Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; Brown v. Hall, 121 Minn. 61,

140 N. W. 128; Snider v. Peters Home Bldg. Co. 139 Minn. 413, 167 N. W. 108. It found complete performance of the contract except as to the four items specified in the findings for which damages were allowed. It also found "that while the plaintiffs in this action have in the evidence attempted to establish certain defects in the construction of said buildings, the court finds that all of the defects pointed out are minor and such as ordinarily are expected to occur in the usual course of construction of a house and garage of the character here under consideration." Implicit in that finding is the erroneous idea that the owner is not entitled to strict performance of a building contract or, in default thereof, to damages for all breaches of the contract resulting in damages, however minor they may be. The rule is that a builder who has in good faith substantially performed, though there are minor defects, may recover on the contract the agreed price less the sum it will take to cure the defects if they are of a character which may be remedied so that the owner may have that for which he contracted. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Lindquist v. Young, 119 Minn. 219, 138 N. W. 28; Snider v. Peters Home Bldg. Co. *supra*. The trial court correctly applied this rule to the specific defects found, but as to the other defects, referred to as "minor and such as ordinarily are expected to occur in the usual course of construction of a house and garage of the character here under consideration," failed to allow plaintiff any damages. This was assigned as error on the appeal here. We pass without comment the question whether plaintiff argued the assignment in his brief as required by Supreme Court Rule VIII(3)(e) (200 Minn. xxx). The point, however, was not presented below by any proper specification of error in the motion for new trial.

Plaintiff also contends that the trial court should not have allowed defendant the amount of a judgment lien against the Hurley street property on the ground that the record shows the property to be a homestead, and that the court should have so found. The evidence sustains the finding made. Doubt as to whether a

homestead exemption exists has been held to make a title unmarketable. Richmond v. Koenig, 43 Minn. 480, 45 N. W. 1093.

Many of plaintiff's assignments of error were not argued. Assignments not argued or simply reiterated without discussion are considered waived. Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; Casey v. Mississippi & R. R. Boom Co. 108 Minn. 497, 122 N. W. 376; Cohoon v. Lake Region Produce Co. 188 Minn. 429, 247 N. W. 520.

The order appealed from is affirmed.