FRANCIS R. HUGHES, d.b.a. KUSTOM BUILDERS, v.
PATRICK AND ASSOCIATES AND OTHERS.
JOHN MILTON AND ANOTHER,
DEFENDANTS-APPELLANTS.
KRAUSE CONSTRUCTION, INC.,
DEFENDANT-RESPONDENT.
JACK H. BOEKHOFF, d.b.a. DORAN DEVELOPMENT
COMPANY, THIRD-PARTY DEFENDANT.

220 N. W. 2d 347.

July 12, 1974—No. 44461.

388

*Stacker, Ravich & Radsom, Robert J. Tansey, Jr.,* and *Alan W. Schon,* for appellants.

*Trench, Ericson, MacGregor, Lohmann & O'Brien* and *Paul W. Lohmann,* for respondent.

PER CURIAM.

Defendant property owners, John Milton and Mary Ann Milton, appeal from a judgment entered pursuant to a stipulation of the parties following trial in district court of an action to foreclose a mechanics lien. The judgment is in the amount of the attorneys' fees awarded by the trial court to a lien claimant. Following the filing of the trial court's findings of fact, conclusions of law, and order for judgment, defendant owners moved for amended findings and conclusions so as to disallow attorneys' fees awarded to the lien claimant "on the grounds that M. S. A. Sections 514.10 and 514.14 in so far as they purport to permit the recovery of attorneys fees by a prevailing lien claimant" are unconstitutional. This motion was denied and the present appeal followed. We dismiss the appeal for what we hold to be a failure to fully comply with the rules requiring notice to the attorney general in actions attacking the constitutionality of a statute and for the additional reason that appellants apparently lack the requisite status to question the constitutionality of the statute involved.

The appellants seek to bring in issue the constitutionality of Minn. St. 514.14, a part of our mechanics lien law, which so far as here pertinent provides:

"* * * Judgment shall be given in favor of each lienholder for the amount demanded and proved by him, with costs and disbursements to be fixed by the court at the trial * * *."

Precisely the same language was used in R. L. 1905, § 3517, and was construed by this court more than 65 years ago as permitting the trial court to allow attorneys' fees to a lienholder as part of the costs and disbursements in an action to foreclose a mechanics lien.[1] This interpretation was twice challenged on constitutional grounds and was twice sustained by decisions of this court. Lindquist v. Young, 119 Minn. 219, 138 N. W. 28 (1912); Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339 (1913). That our interpretation accurately reflects the intention of the legislature is demonstrated by the fact that the statutory language in question has remained unchanged through a general revision of the statutes. See, Minn. St. 645.17(4). This tacit approval by the legislature of our interpretation of the phrase "costs and disbursements" was made express when the legislature in 1921 specifically provided for attorneys' fees in an earlier version of our present Minn. St. 514.10.[2] Where, as here, the intention of the legislature has been definitely ascertained, it is the duty of the court to give effect to that intention. See, Minn. St. 645.16; Mankato Citizens Tel. Co. v. Commr. of Taxation, 275 Minn. 107, 145 N. W. 2d 313 (1966). Thus, we view the constitutional challenge in this case as essentially a direct attack on § 514.14.

In light of the foregoing, should the notice given by appellants in this case be accepted as sufficient under the rules to bring be-

---

[1] Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555 (1908).

[2] Minn. St. 514.10 in pertinent part provides: "When an action has been brought * * * by the lien claimant to enforce his lien * * *, application may be made * * * to have the property affected by any such lien, released from the lien * * *. Upon a hearing upon an application the court shall fix a sum of money to be deposited by the applicant with the clerk [including] * * * (4) an amount not less than double the amount of attorneys' fees allowed upon the foreclosure [of a mortgage] under section 582.01, to cover any allowance the court may make upon the trial for costs and attorneys' fees in the action or upon appeal."

fore this court the constitutionality of § 514.14? We answer this question in the negative. In this case no notice was given to the attorney general at the trial level as required by Rule 24.04, Rules of Civil Procedure,[3] which fact alone may be a sufficient basis for declining to consider the question of constitutionality. Campbell v. Glenwood Hills Hospitals, Inc. 273 Minn. 525, 142 N. W. 2d 255 (1966); and see, Peterson v. Board of County Commrs. 298 Minn. 124, 213 N. W. 2d 631 (1973). Further, at the time of oral argument in this court, our records did not reflect the fact of any notice to the attorney general as required by Rule 144, Rules of Civil Appellate Procedure.[4] However, subsequent to oral argument appellants did file a copy of a letter to the attorney general dated June 19, 1973 (2 months after judgment), purporting to give notice of the constitutional attack on the statute in question. The letter reads:

"Enclosed herewith and served upon you by U. S. Mail is a copy of the Notice of Appeal by John Milton and Mary Ann Milton in the above mentioned matter.

"This notice is sent to you in accordance with Minnesota Rules of Civil Appellate Procedure 144. The appeal will be based on the argument that M.S.A. 514.14 as interpreted and applied is unconstitutional. This statute is part of the mechanic's lien laws and provides:

---

[3] Rule 24.04, Rules of Civil Procedure, provides: "When the constitutionality of an act of the legislature is drawn in question in any action to which the state or an officer, agency or employee of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof within such time as to afford him an opportunity to intervene."

[4] Rule 144, Rules of Civil Appellate Procedure, provides: "When the constitutionality of an act of the legislature is drawn in question in any proceeding in the Supreme Court to which the state or an officer, agency, or employee of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof." And, with respect to the necessity of filing, see Rule 125.01, Rules of Civil Appellate Procedure.

'Judgment shall be given in favor of each lienholder for the amount demanded and approved by him, with costs and disbursements to be fixed by the Court at trial. . . . '

"This appeal will not contest the constitutionality of the statute as written. However, 'costs' has been interpreted to include reasonable attorneys' fees, and we will argue that the statute as so interpreted violates constitutional guarantees of due process. In this regard, we refer you to the recent opinion of the Delaware Supreme Court in Gaster v. Goldiron, 297 A. 2d 384 (1972)."

The attorney general responded with a letter to the effect that his office would take no action with respect to the matter.

We view the notice given by letter to the attorney general as misleading in that it indicates a direct attack upon the statute is not being made. The legislature's action and inaction in this particular situation compel the view that its intention in using the phrase "costs and disbursements" has been so clearly demonstrated as to preclude any other construction of § 514.14. Thus, as earlier indicated, the attack on the constitutionality of this statute must be treated as a direct attack and, to the extent appellants' letter to the attorney general indicated otherwise, it was misleading.

In summary on this issue, we hold that where a party seeks to challenge the constitutionality of our construction of a statute which has been the basis for trial practice in this state for more than 65 years, where our construction of the statute has the tacit and express approval of the legislature, and where the challenged statute has been held constitutional by this court on previous occasions, strict compliance with the rules relating to notice to the attorney general may be, and in this case is, required as a prerequisite to exercise of appellate review in order to insure the fullest possible presentation of the matter before this court.

While neither the briefs nor the oral arguments raise any issue as to whether appellants have the requisite status to question the constitutionality of the statute in question, we believe this issue is raised by the trial court's findings of fact, conclusions of law,

and order for judgment, made a part of the record on appeal in this case. The judgment appealed from is based upon an award to lienholder Krause Construction, Inc., of attorneys' fees in the amount of $500. Judgment is also ordered for appellants in the amount of $7,192 on their claim as third-party plaintiffs against third-party defendant, Jack H. Boekhoff. This figure of $7,192 apparently represents the sum of those amounts set forth in finding XI[5] relating to the third-party claim and includes the $500 for attorneys' fees which is the basis for the judgment from which this appeal was taken. In other words, the same order for judgment directing entry of judgment against appellants for attorneys' fees directed entry of judgment for appellants in an amount which included the same attorneys' fees. Thus, appellants have not sustained any injury. Third-party defendant Boekhoff is the party aggrieved by the trial court's application of § 514.14, and appellants lack standing to raise the constitutional question. 17B Dunnell, Dig. (3 ed.) § 8935(2) ; 16 Am. Jur. 2d, Constitutional Law, § 120.

It follows from the foregoing that the appeal must be dismissed.

---

[5] The trial court's findings of fact included:

"XI.

"That Third Party Defendant authorized the improvement of said premises by Defendant, Krause Construction, Inc., and as a result thereof, said Defendant asserted the above-mentioned mechanics lien claim and in these proceedings is being awarded a lien against the said premises in the sum of $6,222.00, plus a reasonable attorney's fee in the sum of $500.00, and additional costs and disbursements herein.

"That said mechanics lien claim was reduced to the sum of $6,222.00 by the payment of $470.20 by Defendants and Third Party Plaintiffs, Mary Ann Milton and John Milton to Defendant, Krause Construction, Inc., which said payment was reasonable under the circumstances. That by reason of these transactions and events with respect to the Defendant, Krause Construction, Inc.'s lien, Third Party Plaintiffs have been damaged under Paragraph 5 of said lease in an amount equal to said lien plus said $470.20 payment."